## UNITED STATES v. MERRILL.

Under the Act of July 13th, 1866, amendatory of the 4th section of the Act of March 3d, 1865, an officer in the regular army who during the rebellion accepted a commission of colonel in the volunteer organization, is not entitled to the three months' pay given by those acts to officers of that grade on being honorably discharged under the terms of the act from "military service;" he resuming his duty and rank in the regular army, and being still in the said service.

APPEAL from the Court of Claims.

*Mr. Talbot, for the United States ; Mr. Chipman, contra.*

Mr. Justice CLIFFORD stated the case and delivered the opinion of the court.

Congress provided, by the fourth section of the act of the third of March, 1865, that all officers of volunteers now in commission, below the rank of brigadier-general, who shall continue in the military service to the close of the war, shall be entitled to receive, upon being mustered out of *said service*, three months' pay proper.*

Subsequent to the passage of that act, to wit, on the thirteenth of July, 1866, Congress passed another act upon the same subject, in which it is enacted that the fourth section of the prior act shall be so construed as to entitle all officers of volunteers to the three months' pay proper provided for therein, who were in service on the day when that act was passed, and whose resignations were presented and accepted, and who were mustered out at their own request, or otherwise honorably discharged from the service, after the ninth of April of that year.†

Prior to the month of August, 1861, the appellee was an officer in the regular army of the United States, and on the twenty-third of that month he was commissioned as a colonel of the second regiment of Missouri cavalry, which was a

---

* 18 Stat. at Large, 497.          † 14 Id. 24.

volunteer organization. He remained in such service until the fourteenth of December, 1865, when he was honorably discharged from the volunteer service, and resumed his duty and rank in the regular army.

None of those facts are controverted, and the appellee, by virtue of the premises, claimed that he was entitled to receive the sum of three hundred and thirty dollars for the three months' pay proper as such military officer, because he was in service on the day when the first-named act was passed, notwithstanding the fact that at the time he was discharged from the volunteer organization in which he was commissioned as colonel, he resumed his duty and rank and became entitled to his pay and emoluments as an officer in the regular army.

Although he was never mustered out of the military service of the United States, still he claimed three months' pay proper by virtue of his discharge from the volunteer organization, and accordingly applied to the proper officer of the department for the payment of the amount so claimed to be due, as provided in those acts of Congress; but the application was rejected because he was still in the military service under existing laws.

Payment being refused by the proper officers of the department, he filed his petition in the Court of Claims, setting forth the foregoing facts, and insisted that when he ceased to be an officer of volunteers in the manner prescribed by law he ceased to be in the military service as an officer of such volunteer organization, and that an honorable discharge from such volunteer service as much entitled him to the three months' pay proper as if he had been discharged altogether from the military service of the United States.

His theory of the law is that it bestowed a gratuity upon officers of volunteers, and that it makes no difference that he found himself immediately transferred to another branch of the military service by virtue of a commission in the regular army which he held before he was commissioned as colonel of volunteers and throughout the entire **period of**

that service; but it is not possible to concur in that proposition, as it seems much more reasonable to suppose that the object which Congress had in view was to provide for the loss to which the volunteer officers, when discharged from the military service, were exposed for the want of employment before they would be able to resume, to any considerable extent, their accustomed avocations in civil life. Most of the officers of that class left civil occupations to engage, for a period of uncertain duration, in the military service of the country, and the obvious purpose of that provision was that when they came to be discharged they should not be left without any compensation during the period which, in all probability, would elapse before they would be able to establish themselves in remunerative business pursuits.

Grant that the allowance was intended as a gratuity, still it does not follow that it was intended as double pay, or to embrace any officer who was to remain in the regular service. Read separately from the amendatory provision the fourth section of the first-named act describes three conditions, all of which must concur in order to establish the right to that allowance: (1.) That the claimant was an officer of volunteers in commission at the date of that act. (2.) That he continued in the military service to the close of the war. (3.) That he was honorably mustered out of the *said service* prior to the application, which means unquestionably that he was honorably mustered out of the military service of the United States.

Continuance in the service to the close of the war was essential under that provision; but the subsequent act provides that the applicant shall be deemed to be entitled to the allowance if his resignation was presented and accepted, and he was mustered out at his own request, or was otherwise honorably discharged from the service, after the month of April of that year.

The word service, as used in that act, means, beyond question, the military service of the United States, and it is equally clear that no such officer is entitled to that allowance unless it is shown that he was mustered out of the

military service of the United States, or was otherwise honorably discharged from that service subsequent to the time specified in the amendatory act.

By the finding in the court below it appears that the appellee was honorably discharged from the volunteer service; but the same finding shows that he, at the same time, resumed his duty and rank in the regular army, which is totally inconsistent with the condition prescribed in the act of Congress, that he must have been mustered out of the military service of the United States. He was honorably discharged from the volunteer organization, but that discharge did not terminate his connection with the military service of the country under his antecedent commission. On the contrary, he became thereby entitled to the pay and emoluments due to his rank as an officer in the regular army the moment his connection ceased with the volunteer organization.

None of the reasons which induced Congress to make the provision under consideration exist in the case of the appellee, as he has never been out of public employment for a moment since he accepted his commission in the regular army, and has no occasion to desire to re-engage in business pursuits.

DECREE REVERSED, and the cause remanded, with directions to
DISMISS THE PETITION.