UNITED STATES v. OLMSTED.

(Circuit Court, S. D. Iowa, C. D. December 27, 1900.)

No. 3,642, Law.

ARMY—CLAIM OF OFFICER FOR PRIVATE PROPERTY LOST—REOPENING AFTER ALLOWANCE AND PAYMENT.

Where the claim of an army officer against the government for the value of personal property lost in the service, presented under Act March 3, 1885 (23 Stat. 350), which provides that "any claim which shall be presented and acted on under authority of this act shall be held as finally determined and shall never thereafter be reopened or considered," was allowed by the auditor for the war department, and paid, the government cannot recover the amount so paid from such officer upon a petition showing that the claim was subsequently revised by the comptroller and disallowed because of the insufficiency of the proofs, and that the auditor thereafter settled the claim, and charged the amount back to the officer, there being no allegation of fraud or mistake, or that the claim was not in fact one properly allowable under the statute; and especially where it is not shown that the officer was advised of the action taken after the payment was made.

Action at law by the United States to recover back the amount of a claim allowed and paid to defendant as an army officer. On demurrer to petition.

Lewis Miles, U. S. Atty.

Milton Remley, for defendant.

McPHERSON, District Judge. The petition herein alleges that November 27, 1896, defendant was a captain in the regular army (cavalry), and he then had a claim pending against the government for $60, the value of a horse, which had died from flatulent colic at Ft. Robinson, Neb., February 7, 1896; that November 27, 1896, the auditor for the war department allowed the claim, and ordered it paid in the sum of $60; and that December 2, 1896, the claim was paid to the defendant by a warrant on the treasurer of the United States, which warrant the defendant cashed. The petition further alleges that in May, 1897, the comptroller of the treasury revised said claim, and the amount thus allowed by the auditor was, by the comp-

troller, disallowed, and under such ruling by the comptroller the auditor, at a still later date, examined and settled said claim, and found there was due the government the sum paid as aforesaid and on account of said horse, viz. $60, and directed such sum to be charged against the defendant, Capt. Olmsted. The comptroller, it is alleged, revised said claim after it had been thus allowed by the auditor for the reason there was no intimation or attempt to show that the death of defendant's horse was due to any exigency or necessity of the military service, nor was it in any way attributable to the service, and held that Capt. Olmsted was not entitled to recover under the act of congress of March 3, 1885. To the end that the court might be fully advised, the United States attorney has annexed to the petition, and makes the same as a part of the petition, copies of all three of said orders, viz. the one by the auditor allowing the claim, the one by the comptroller revising the claim, and the last one by the auditor charging Capt. Olmsted with said amount. Capt. Olmsted declining to pay said charge, this action is brought.

To this petition the defendant has demurred, and in substance recites that neither fraud nor mistake is charged; that the claim was passed upon by the proper officer, and paid; that, after the allowance and payment of the claim, the comptroller had no authority to reopen the case; and there is no allegation that the horse did not die from the exigency of military service; and the action of the auditor, long after the said payment, in debiting defendant's account, was unauthorized. The demurrer has been fully argued by counsel on both sides, and has been considered, and is sustained for the reasons which I will now give. The foregoing statement would admit of no argument if it were a case between defendant and an individual, firm, or corporation. No one can give a reason why an individual, firm, or corporation should recover on such a statement of facts. To charge no fraud, no mistake, no charge that the horse did not die while in and on account of such service, states no cause of action. All that is said is, the auditor acted upon insufficient evidence. Or, to state it in another way, it is said the evidence is subject to criticism, and the auditor ought not to have allowed or paid the claim; and that upon subsequent hearing by an appellate officer after such allowance and payment a recovery should now be had. There is no claim made but that Capt. Olmsted in all such proceedings acted as a high-minded and gentlemanly officer should act. His horse had died at a military fort, and he wanted its value, under the act of congress; and the claim was filed, and was allowed, and was paid. This is an end of all controversy, unless it be by some statute. It should be kept in mind there is no claim that Capt. Olmsted was a party to the proceedings for revision by the comptroller or the last order by the auditor. I think it makes no difference, but the fact seems to be, by inference at least, the first Capt. Olmsted knew what was being done was when he was advised by the auditor that he had been charged with such amount. The act of March 3, 1885, under which defendant filed his claim, among other things provided that an officer can recover from the government the value of his private property "when such loss or destruction was without fault or negligence on the part

of the claimant." That further provides "that any claim which shall be presented and acted on under authority of this act shall be held as finally determined, and shall never thereafter be reopened or considered." The two clauses quoted have never been repealed. But the United States attorney relies upon the act of congress of July 31, 1894, which is still in force. The provisions of that statute, in so far as material, are as follows (section 6): The comptroller shall direct, when the interests of the government require it, the auditor forthwith to audit and settle any particular account "which such auditor is authorized to audit and settle." But the auditor was not authorized to settle the account in question, because that account was forever placed at rest under the act of 1885. The statute provides that the secretary of the treasury may make regulations fixing the time which shall expire before a warrant shall issue. Either no such regulations were ever made, or the time had expired before the warrant did issue, because it will be presumed the auditor acted regularly. The statute provides the auditor may suspend an account in order to obtain further evidence. But this was not resorted to. The statute provides that suspended items may be revised as in case of an original settlement. But I do not see what possible bearing that provision has. After the allowance and payment of the claim; I see no provision of this statute that controls the situation. The demurrer is sustained.