UNITED STATES v. WILLCOX.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1902.)

No. 787.

1. ARMY—CLAIMS OF OFFICER FOR PRIVATE PROPERTY LOST—RECOVERY OF PAYMENT MADE—PLEADING.

Under Act Cong. March 3, 1885, 23 Stat. 350 [U. S. Comp. St. 1901, p. 172], authorizing the treasury department to investigate the claim of officers and men for private property lost in the service, and, where it appears the property was lost under certain circumstances without fault of claimant, to pay him therefor, "provided, that any claim which shall be presented and acted on under authority of this act shall be held as finally determined, and shall never thereafter be reopened or considered," a payment made pursuant thereto cannot be recovered back, in the absence of mistake or fraud, which is not shown by a complaint stating that, after payment of the claim, the department disallowed the claim for the reason that the loss was not without fault of the claimant; this being but an allegation of the reason assigned by the department for its action, and not an allegation of the fact that the loss was not without his fault.

In Error to the Circuit Court of the United States for the Southern District of California.

L. H. Valentine, U. S. Atty.

Oliver P. Evans, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. The court below sustained a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and that ruling is the basis of the single assignment of error found in the record. The complaint alleges that the defendant thereto was a first lieutenant in the 6th regiment of cavalry of the United States, and as such officer "did render his account to the United States in the sum of two hundred dollars ($200.00) as and for the value of a certain horse then and there claimed by said defendant to have been lost in the military service of the United States at Ft. Lewis, in the state of Colorado, on or about the 6th day of April, 1889, which said account was duly presented to the war de-

partment, and claim numbered 108,188; that afterwards, to wit, on the 7th day of December, 1896, said account was duly settled by the auditor of the war department, and a certificate of settlement, numbered 1,737, duly issued by the said auditor of the war department for the said sum of two hundred dollars, which sum of two hundred dollars was paid to said defendant on or about the 14th day of December, 1896." It is then alleged that on the 28th day of May, 1897, the comptroller of the treasury directed a revision of the claim so presented, settled, and paid, "and disallowed said claim of defendant, for the reason that the loss of the said horse on which the said claim of defendant was based was not without fault on the part of said defendant, and the said defendant by his negligence contributed to the loss of said horse, and thereby was not entitled to recover for said loss under the act of March 3, 1885, 23 Stat. 350 [U. S. Comp. St. 1901, p. 172]," and that subsequently, to wit, on the 24th day of May, 1898, acting under the direction of the comptroller of the treasury, the auditor of the war department "restated said claim of defendant, and issued a new certificate, numbered 4,867, raising a charge of two hundred ($200.00) dollars against said defendant, by reason of which said defendant became then and there indebted to the plaintiff in the sum of two hundred dollars." The complaint alleges the refusal of the defendant to pay the said sum after demand made and asks for judgment against him therefor, with interest and costs.

There is in the complaint no allegation tending to show that in the allowance or payment of the claim presented by the defendant there was any mistake of law or fact, nor is any fraud alleged to have been practiced on the government by the defendant in any stage of the proceedings. It is true that it is alleged that the subsequent disallowance of the claim by the comptroller of the treasury, upon which the subsequent action of the auditor of the war department is alleged to have been based, was "for the reason that the loss of the said horse on which the said claim of defendant was based was not without fault on the part of said defendant, and the said defendant by his negligence contributed to the loss of° said horse, and thereby was not entitled to recover for said loss under the act of March 3, 1885, 23 Stat. 350 [U. S. Comp. St. 1901, p. 172]." But, manifestly, that is but an allegation of the reason for the action of the comptroller of the treasury, which may or may not have been well founded, and is certainly not an allegation of any fact. Whether a mistake of fact or of law, or the subsequent discovery of fraud in the presentation, allowance, or payment of the claim in question would, in view of the act of congress of March 3, 1885, 23 Stat. 350 [U. S. Comp. St. 1901, p. 172], entitled "An act to provide for the settlement of the claims of officers and enlisted men of the army for loss of private property destroyed in the military service of the United States," sustain an action like the present, need not be determined or considered, for the reason, already suggested, that the complaint here contains no allegation of any such mistake or fraud. By the act referred to congress authorized and directed the proper officers of the treasury to examine into, ascertain, and determine the value of the private property belonging to officers and enlisted men in the mil-

itary service of the United States, which has been or may hereafter be lost or destroyed in the military service, when such loss or destruction was without fault or negligence on the part of the claimant, where the private property so lost or destroyed was shipped on board an unseaworthy vessel by order of any officer authorized to give such order or direct such shipment, and where it appears that the loss or destruction of the private property of the claimant was in consequence of his having given his attention to the saving of the property belonging to the United States which was in danger at the same time and under similar circumstances, and further provided that "the amount of such loss so ascertained and determined shall be paid out of any money in the treasury not otherwise appropriated, and shall be in full for all of such loss or damage: provided, that any claim which shall be presented and acted on under authority of this act shall be held as finally determined, and shall never thereafter be reopened or considered," with other provisions not pertinent to the present case. Whatever might be held if it was made to appear that the claim in question had been presented, or acted on, or paid under a mistake of fact or law, or by reason of any fraud practiced against the government, certainly, in the absence of any such showing, the express declaration of congress that any claim which shall be presented and acted on under authority of the act shall be held as finally determined, and shall never thereafter be reopened or considered, is conclusive against any further action on the part of the government. Similar views were expressed by the circuit court for the Southern district of Iowa in the case of U. S. v. Olmsted, 106 Fed. 286.

The judgment is affirmed.