UNITED STATES v. OLMSTED.

(Circuit Court of Appeals, Eighth Circuit. October 20, 1902.)

No. 1,606.

1. ARMY OFFICERS—CLAIM FOR LOSS OF PRIVATE PROPERTY—REOPENING AFTER ALLOWANCE AND PAYMENT.

Where the claim of an army officer for the loss of private property in the service, filed under Act March 3, 1885 (23 Stat. 350 [U. S. Comp. St. 1901, p. 172]), was audited, allowed, and paid in the usual manner, the government cannot reclaim the money without showing that it was obtained by fraud or paid under a mistake of fact. Act July 31, 1894 (28 Stat. 207, c. 174 [U. S. Comp. St. 1901, p. 159]), providing that a revision of an account by the comptroller of the treasury may be obtained within a year after it has been settled by the auditor, does not authorize the comptroller to take up a claim and revise it of his own motion, ex parte, after it has been paid in the regular course of business, and thereby create a legal demand against the claimant for repayment of the money received, but applies only to claims which are unpaid, and therefore still pending.

In Error to the Circuit Court of the United States for the Southern District of Iowa.

Lewis Miles, U. S. Atty.

Milton Remley and John J. Ney, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

THAYER, Circuit Judge. The United States sued Jerauld A. Olmsted, the defendant in error, for the sum of $60, alleging, in substance, the following facts: That in November, 1896, the defendant, Olmsted, was a captain in the eighth regiment, United States cavalry, and had a claim then pending against the United States in the sum of $60 for the value of a horse which died at Ft. Robinson, Neb., on February 7, 1896; that the auditor of the war department allowed said claim on November 27, 1896, in the sum of $60, and that that amount was paid to the claimant on December 2, 1896, by a draft drawn on the treasurer of the United States; that on May 28, 1897, the comptroller of the treasury revised said claim and disallowed it for the reason that the death of the horse was not due to an exigency of the military service, in which the claimant was at the time engaged; and that thereafter, on May 23, 1898, the auditor for the war department examined and settled said claim, and found that the claimant owed the United States $60, being the sum previously paid to him on December 2, 1896. On this state of facts the United States demanded a judgment against the defendant in the sum of $60, and interest from the last-mentioned date at the rate of 6 per cent. per annum. The lower court sustained a demurrer to this complaint, and entered a judgment accordingly. 106 Fed. 286.

The sole question presented to this court for determination is whether the complaint stated a good cause of action. There is no allegation in the complaint that the auditor of the war department, when he allowed the claim, was induced to do so by fraud or accident

118 F.—28

or by mistake as respects any of the material facts on which the claim was based, while it is conceded that the claim was laid before the proper accounting officer, to wit, the auditor for the war department, and that he had full power and authority to adjudicate thereon. It must also be presumed, in the absence of any allegation to the contrary, that after the allowance of the claim in question it was paid in the due and orderly course of business, pursuant to regulations governing the treasury department and the disbursement of public funds.

The contention of the government is that after the claim had been thus presented, audited, allowed, and paid in the usual manner, without the employment of any fraudulent means to induce such action, it was nevertheless competent for the comptroller of the treasury, within a year after the allowance, to revise the claim ex parte, and direct the auditor for the war department to state an account against the claimant for the sum of money which he had received. It is further claimed that a recovery can be had on an account so stated, without reference to the question whether the claim was or was not well founded or rightfully allowed and paid in the first instance. We are of opinion that such contention on the part of the government cannot be sustained. It is founded, in the main, on section 8 of an act of congress approved July 31, 1894 (28 Stat. 207, c. 174 [U. S. Comp. St. 1901, p. 159]), which provides, in substance, that the balances which may from time to time be certified by the various auditors to the division of bookkeeping and warrants, upon the settlement of public accounts, shall be final and conclusive upon the executive branch of the government, except that any person whose account may have been settled, the head of the executive department, or of the board, commission, or establishment not under the jurisdiction of an executive department, to which the account pertains, or the comptroller of the treasury, may, within a year, obtain a revision of the account by the comptroller of the treasury, whose decision upon such revision shall be final and conclusive upon the executive branch of the government. We think, however, that this section cannot be construed to mean, with respect to a claim like the one now in hand, that the comptroller may wait until months after an account is duly allowed and paid, and then take the claim up and revise it of his own motion, and practically render a judgment against the claimant, without a hearing, that he restore the money which he has received. When a claim is allowed and paid it is no longer pending against the government, but is settled and discharged. If the comptroller, in the exercise of the authority conferred upon him by the aforesaid section, elects to revise a claim which has passed the scrutiny of the proper accounting officer, he should do so, we think, before it is paid and while it may be said to be a pending demand. If he fails to do so, and the demand is audited and paid in due course of business, the government can only reclaim the money under the same circumstances that a private individual can do so; that is to say, by showing that the money was obtained by fraud or paid under a mistake of fact. Dickerman v. Lord, 21 Iowa, 338, 89 Am. Dec. 579; Wheeler v. Hatheway, 58 Mich. 77, 24 N. W. 780. At all events, the decision

of the comptroller that a claim has been improperly paid, made after the claim was discharged and when no claim was pending against the government, furnishes no sufficient ground for a recovery, and such a decision was the only fact alleged, in the present instance, as a basis for a recovery.

We agree with the trial court that the complaint did not state a good cause of action, and accordingly direct that the judgment below be affirmed.