BarNey, J.,
delivered the opinion of the court:
The claimant’s decedent entered the Regular Army as a cadet July 1, 1886, and continued in the regular service until May 5, 1898, when he was granted an indefinite leave of absence, then holding the rank of first lieutenant of cavalry. On May 7,1898, he was commissioned as lieutenant-colonel in the First Regiment, Montana Volunteer Infantry, from which organization he was relieved August 7, 1899, to enable him to assume his duties as colonel of the Thirty-seventh Regiment, United States Volunteers, to which latter position he had theretofore been duly commissioned. He served as colonel of said latter regiment beyond the limits of the United States until March 13, 1900, when he died of wounds received in action.
*354 This action is now brought by his executor to recover the two months’ extra pay provided by the act of January 12, 1899 (30 Stat. L., 784)', as amended by the act of March 3, 1899 (30 Stat. L., 1074), which are as follows:
Act of January 12, 1899 (30 Stat. L., 784) :
“ That in lieu of granting leaves of absence and furloughs to officers and enlisted men belonging to companies and regiments of United States Volunteers prior to'muster out of the service, all officers and enlisted men belonging to volunteer organizations hereafter mustered out of the service who have served honestly and faithfully beyond the limits of the Ünited States shall be paid two months’ extra pay on muster out and discharge from the service.”
Act of March 3, 1899 (30 Stat. L., 1074) :
“ That the act of January twelfth, eighteen hundred and ninety-nine, be, and it is hereby, amended so as to authorize the payment to the legal heirs or representatives of the officers and enlisted men who died or were killed, or who may die, in the service, the extra pay provided for in that act for officers and enlisted men who have been or are to be mustered out.”
From the. foregoing statement it will be seen that the decedent at the time of his death occupied the dual position of being in both the regular and volunteer service, i. e., he was a first lieutenant in the Regular Army on indefinite leave of absence and in active service as colonel of a volunteer regiment.
This appointment of an officer of the Regular Army to temporary service in the volunteer service was made pursuant to the act of March 2, 1899 (30 Stat. L., 977). The statutes cited providing for extra pay to soldiers serving beyond the limits of the United States by their terms apply only.to volunteer organizations, and the question before us for decision is, Whether the decedent was within their provisions ?
In the case of Clark v. United States (37 C. Cls. R., 60) this court held that a soldier discharged before his regiment was mustered out of service on account of disability incurred in the line of duty was not entitled to the extra pay provided *355 for by the act of January 12, 1899 (supra), and the court in construing that act said:
“ The claimant Clark was not, in military parlance, mustered out of the service of the United States, but personally discharged from such service, and as the act contémplates the muster out of the organization to which the soldier belongs,' his case does not come within the statute. It intended by its terms to allow extra pay where the service of the sol-, dier was to the termination of the life of the military organization of which he was a member; and when that organization had ceased to be a part of the Army by being mustered out, then the right attached to those who had performed military service to the date of the disorganization of the command. In order to give the officer or soldier .the right, the organization must be mustered.out and cease to be a part of the Army; and it does not accrue to a person having failed for any reason to discharge the full time and obligation to remain until the organization, by the conditions and ■necessities of the Army, is mustered out of the service.” ■
We think it very clear that the decedent was an “ officer belonging to a volunteer organization ” within the meaning of the act of January 12, 1899 (supra), and while he was not “ mustered out and discharged from the service ” within the meaning of that act, he was “ killed in the service ” within the provision of the amendatory act. The amendatory act of March 3, 1899, before cited, evidently was passed for the purpose of making an exception in this regard of such soldiers as might die while in service beyond the limits of the United States and before the mustering out of their organizations.
The act of May 26,. 1900 (31 Stat. L., 217), was passed to make an exception in other cases, but has no bearing upon the question before us for decision.
We have been referred by the defendants to the case of Hull v. United States (38 C. Cls. R., 408) as sustaining its contention in this. That was a case where a judge-advocate in the volunteer service was discharged at Manila, “ with other officers, to enable them to accept commissions ” under the act of March 2, 1899 (30 Stat. L., 980, sec. 14), which they did; and the claimant sued for extra- pay under the foregoing statutes as if finally discharged. This court re *356 fused him such extra pay, and in construing these statutes said:
“ But. the claimant was not mustered out and discharged from the service within the meaning of that act as construed in the Glarh case (supra), tie did not thereby sever his connection with the service. On the contrary, he was discharged, not from the service, but to enable him to continue in the service under another grade; that is to say, to enable him to continue in the service as judge-advocate with the rank of major, he was discharged as lieutenant-colonel. His discharge was rather into than out of the service. He elected to continue in the service where he could enjoy continuous pay rather than to end his career in the Army and receive two months’ extra pay.”
We are also cited to the case of Merrill v. United States (9 Wall., 614), which arose under a somewhat similar statute giving three months’ extra pay to certain volunteer officers of the civil war, “ upon discharge from the service.” The claimant in that case was a Regular Army officer temporarily in the volunteer service, and upon his discharge from the latter service immediately resumed his duties in the Regular Army. It was held that the claimant was not “ discharged from the service ” within the meaning of the law, and therefore not entitled to the extra pay, and the court said:
“ The word ‘ service,’ as used in that act, means, beyond question, the military service of the United States, and it is equally clear that no such officer is entitled to that allowance unless it is shown that he was mustered out of the military service of the United States, or was otherwise honorably discharged from that service subsequent to the time specified in the amendatory act. * * *
“ He was honorably discharged from the volunteer organization, but that discharge did not terminate his connection with the military service of the country under his antecedent commission.”
The Clark case has no application here for the reason already given, that the amendatory act of March 3, 1899 (supra), excepts the decedent from the class to which that case applies. We think this amendatory act makes the other cases cited also inapplicable to the present case. The reasoning in the Clark case fails to apply in this case because a sol *357 dier would have no choice to defer his time of receiving a death wound until after the mustering out of his regiment. The reasoning of the other cases fails here because upon the death of the decedent he passed out of both the regular and the volunteer service.
As before stated, the amendatory act of March 3, 1899, was passed for the purpose of paying to the heirs of soldiers dying in the volunteer service the same extra pay allowed under the act of January 12, 1899, to such soldiers as remained in the service till the. mustering out of their regiments; and, under the well-settled rules for the construction of statutes these two acts must be construed harmoniously, if that can reasonably be done. The soldier in this case died while in the volunteer service, and hence wag deprived of the privilege of remaining in such service until his regiment was mustered out, and consequently was relieved of the necessity of so doing to entitle his heirs to extra pay. His death terminated his connection with both the regular and volunteer service of his country in the most honorable and sacred manner possible. Any other construction of these statutes, we think, would be unjust and entirely too narrow.
Judgment is therefore entered for the claimant in the sum of $700.