## UNITED STATES *v.* MASON.

---

### STATUTES; ARMY; MISTAKES.

1. Repeals by implication are not favored; and general and specific provisions, in apparent contradiction, whether in the same or different statutes, and without regard to priority of enactment, may subsist together, the specific qualifying and supplying exceptions to the general, unless there is something else to indicate that the later provision was intended to amend or exclude the operation of the other.

2. The provisions of the act of Congress of March 3, 1885 (23 Stat. at L. 350, chap. 335, U. S. Comp. Stat. 1901, p. 173), relating to the settlement of claims of officers and enlisted men in the military service for the value of their private property lost or destroyed in the service, that, when any such claim shall be presented and acted on by the accounting officers of the Treasury, it shall be held as finally determined, and shall never thereafter be reopened or considered,—is not repealed by sec. 8 of the act of July 31, 1894 (28 Stat. at L. 207, chap. 174, U. S. Comp. Stat. 1901, p. 161), relating to the settlement of accounts in general with the government, and not in terms embracing the claims arising under the first-named act; the purpose of the two

enactments being so distinguishable that it cannot be necessarily implied that the former was intended to be superseded by the latter.

3. While the United States may not be bound by a payment made under a mistake of law or fact to the same extent that private persons generally are, yet, where an officer of the Army was paid for the loss of his horse under the act of Congress of March 3, 1885, supra, after his claim had been settled by the accounting officers of the Treasury, an action is not thereafter maintainable against him by the United States to recover the amount so paid, on the ground that there was a mistake in the value of the horse, and a mistake as to the fault or negligence of the officer in its loss, in the absence of any allegation of fraud. Such alleged mistakes are no more than errors of judgment on the part of the accounting officers.

4. *Quære,*—whether the Secretary of the Treasury has power to suspend payment of a claim settled by the Auditor, and to have the settlement revised before payment.

No. 1995.   Submitted April 13, 1909.   Decided May 4, 1909.

HEARING on an appeal by the United States from a judgment of the Supreme Court of the District of Columbia, sustaining a demurrer to the declaration, in an action to recover money alleged to have been paid under a mistake, the plaintiff having elected to stand on the demurrer.          *Affirmed.*

The COURT in the opinion stated the facts as follows:

The United States brought this action against Charles F. Mason to recover the sum of $150.

The declaration, in four counts, averred that on September 1, 1889, the defendant, then assistant surgeon in the Army of the United States, presented a claim against the plaintiffs for the sum of $150, the same being the alleged value of a horse lost by him on April 15, 1899, while in the military service in Wyoming, and without fault or negligence on his part. That on June 26, 1897, the Auditor of the War Department settled and allowed the said claim, and certified it to the proper division of the Treasury Department for payment. That the Secretary of the Treasury issued a warrant for said sum to the defendant, on February 3, 1897, who thereupon received payment of the

same on the same day. That within a year from the date of said settlement, to wit, on May 28, 1897, the Comptroller of the Treasury, of his own motion, revised the said settlement, deciding that the loss of said horse was not due to any exigency of the military service, and did not occur therein, and that it was not without the fault or negligence of the claimant. That thereupon said Comptroller disallowed the claim and so certified to the Auditor. That on May 25, 1898, the Auditor restated said account, and certified an indebtedness by defendant to the plaintiffs to the amount aforesaid. That thereby the defendant became indebted, etc., but has refused to pay the same. Subsequent counts aver that the payment to defendant was made by mistake, for the reason that the loan did not come within the provisions of the law under which it had been settled and paid, and further, that the said horse was not worth the said sum. Also, that, as a matter of fact, the said horse had been used by defendant, its owner, and then intrusted to a private soldier to be returned to the stable, and that it was not the duty of said soldier to do the same; that the said horse became frightened, broke away from said soldier, and was killed; and that said horse was not worth more than $100. That, as matter of law, the said horse was not lost in the military service, and without fault or negligence of the defendant, but the said defendant was guilty of negligence in intrusting said horse to said soldier; and that the Auditor was mistaken when he found the value of the horse to be $150, and mistaken in law when he found the said horse was lost in the military service, and without fault or negligence on the part of the defendant.

Defendant's demurrer to this declaration was sustained, and the plaintiffs having declined to further amend, judgment was entered for defendant. From this the United States have appealed.

*Mr. Daniel W. Baker,* United States Attorney for the District of Columbia, and *Mr. Jesse C. Adkins,* Assistant, for the appellant.

*Mr. George B. Davis* and *Mr. Lewis W. Call* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. The determination of defendant's claim and the payment thereof were made under the authority of the act of Congress approved March 3, 1885, entitled, "An Act to Provide for the Settlement of Claims of Officers and Enlisted Men of the Army for Loss of Private Property Destroyed in the Military Service of the United States." 23 Stat. at L. 350, chap. 335, U. S. Comp. Stat. 1901, p. 173. So much of said act as is of importance in the consideration of this case provides:

"That the proper accounting officers of the Treasury be, and they are hereby, authorized and directed to examine into, ascertain, and determine the value of the private property belonging to officers and enlisted men in the military service of the United States which has been, or may hereafter be, lost or destroyed in the military service, under the following circumstances:

"First. When such loss or destruction was without fault or negligence on the part of the claimant. * * * *Provided,* that any claim which shall be presented and acted on under authority of this act shall be held as finally determined, and shall never thereafter be reopened or considered."

The first proposition on which the appellants rely for the reversal of the judgment is, that the conclusiveness of the decision of the Auditor under the aforesaid act is qualified by certain provisions incorporated in the general appropriation act, approved July 31, 1894, which contemplated a radical change in the mode of examining and allowing accounts against the United States. (28 Stat. at L. 207 et seq. chap. 174, U. S. Comp. Stat. 1901, p. 161.) Section 8 thereof, which is specially relied on, reads as follows:

"The balances which may, from time to time, be certified by the Auditors to the Division of Bookkeeping and Warrants, or

to the Postmaster General, upon the settlements of public accounts, shall be final and conclusive upon the executive branch of the government, *except* that any person whose accounts may have been settled, the head of the executive department, or of the board, commission, or establishment not under the jurisdiction of an executive department, to which the account pertains, or the Comptroller of the Treasury, may, within a year, obtain a revision of the said account by the Comptroller of the Treasury, whose decision upon such revision shall be final and conclusive upon the executive branch of the government: *Provided,* That the Secretary of the Treasury may, when, in his judgment, the interests of the government require it, suspend payment and direct the re-examination of any account."

In support of this proposition it is contended that the action of the Auditor under the former act is conclusive unless, and only unless, within a year from the date of his settlement, the account shall be revised by the Secretary, Comptroller of the Treasury upon the application of the claimant, the Secretary of War, the Secretary of the Treasury, or by the Comptroller of his own motion. We are of the opinion that this is not the necessary effect of the later act. It seems to contemplate the settlement of accounts in general with the government, and does not in terms embrace the claims arising under the act of 1885, which creates a special liability of the United States, not previously recognized by general law, and provides a special tribunal for the adjudication of claims presented thereunder. Repeals by implication are not favored, and it is also true that general and specific provisions, in apparent contradiction, whether in the same or different statutes, and without regard to priority of enactment, may subsist together, the specific qualifying and supplying exceptions to the general, unless there is something else to indicate that the later provision was intended to amend, or exclude the operation of, the other. *Townsend* v. *Little,* 109 U. S. 504, 512, 27 L. ed. 1012, 1015, 3 Sup. Ct. Rep. 357.

The purposes of these two enactments—the earlier one specific and the later general—are so distinguishable that it cannot necessarily be implied that the former was intended to be super-

seded, amended, or qualified by the other. The finality of the decision of the Auditor under the earlier statute has been upheld in the only cases arising thereunder that have come under our observation. *United States* v. *Olmsted,* 106 Fed. 286, (affirmed in 55 C. C. A. 249, 118 Fed. 433); *United States* v. *Willcox,* 55 C. C. A. 519, 118 Fed. 729. In each of those cases the claims for lost property had been settled and paid. The Comptroller, within the year, revised and rejected them, and the actions were to recover the money that had been paid.

2. Another contention is that the allegations of the declaration show that the money was awarded and paid to the claimant under a mistake both of law and fact.

Conceding that the United States are not bound by a payment made under mistake of law or fact, to the same extent that private persons generally are, we are of the opinion that the declaration fails to state a case entitling the plaintiff to recover therefor.

Two mistakes are alleged: One, as to the value of the horse, which is a mistake of fact; the other, as to the fault or negligence of the claimant, which is a question of mixed law and fact. But these were the very questions which the Auditor was "authorized and directed to examine into, ascertain, and determine," and the determination of which was made conclusive. There is no allegation of any fraud practised upon him by which his mistakes, if any, were superinduced. Hence, the so-called mistakes of law and fact under which the warrant was issued and paid, in accordance with his determination, amount to errors of judgment committed in that determination, and nothing more. It is settled that an award of arbitrators acting under due authority cannot be impeached in a suit brought for alleged mistake therein. *Burchell* v. *Marsh,* 17 How. 344, 350, 15 L. ed. 96, 99. In that case it was said by Mr. Justice Grier: "Courts should be careful to avoid a wrong use of the word 'mistake,' and, by making it synonymous with mere error of judgment, assume to themselves an arbitrary power over awards." See also, *York & C. R. Co.* v. *Myers,* 18 How. 246, 253, 15 L. ed. 380, 383. For as strong a reason, the final de-

termination of a special tribunal, created by law, and vested with jurisdiction in a particular case, cannot be impeached in an action like this for error of judgment, on the ground of mistake.

It may be that the Secretary of the Treasury has the power to suspend the payment of a claim settled by the Auditor, and have the settlement revised before payment; but no such question is before us, and we indicate no opinion in respect of it.

Upon the facts alleged in the declaration, there was no error in sustaining the demurrer, and rendering judgment for the defendant; and the judgment will, therefore, be affirmed.

*Affirmed.*