### UNITED STATES v. GILLMORE.

(Circuit Court, S. D. New York.  May 27, 1911.)

1. UNITED STATES (§ 114*) — FINDING OF COMPTROLLER — CONCLUSIVENESS — STATUTES.

Act July 31, 1894, c. 174, § 8, 28 Stat. 207 (U. S. Comp. St. 1901, p. 162), providing that the finding of the comptroller on claims against the United States shall be final and conclusive as to the executive branch of the government, does not render such finding conclusive on the courts, but leaves the merits open for judicial determination.

[Ed. Note.—For other cases, see United States, Dec. Dig. § 114.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. UNITED STATES (§ 118\*)—CLAIMS—CONSTRUCTION OF STATUTES—ACTS OF OFFICIALS—MONEY PAID.**

In the absence of statute, the United States is not bound by a mistaken construction of an act of Congress made by one of its officials, and may recover money paid pursuant to such construction.

[Ed. Note.—For other cases, see United States, Dec. Dig. § 118.\*]

**3. ARMY AND NAVY (§ 10\*)—"SERVICE."**

An army officer is not discharged from service by his retirement, or out of the service, within Acts Feb. 27, 1877, c. 69, 19 Stat. 244 (U. S. Comp. St. 1901, p. 915), May 26, 1900, c. 586, 31 Stat. 210 and March 2, 1901, c. 803, 31 Stat. 902 (U. S. Comp. St. 1901, p. 905).

, [Ed. Note.—For other cases, see Army and Navy, Dec. Dig. § 10.\*

For other definitions, see Words and Phrases, vol. 7, pp. 6430–6433]

**. 4. ARMY AND NAVY (§ 13\*)—SOLDIERS—ALLOWANCES.**

Act March 3, 1865, c. 81, § 4, 13 Stat. 497 and Act Jan. 12, 1899, c. 46. 30 Stat. 784, providing that officers mustered out of the service shall be entitled to three months' pay and travel, apply to officers mustered out of the volunteer service, and not to a retired army officer who resumes his two-thirds pay from the date of his discharge, and, such officer having received such travel pay and allowances, the United States is entitled to recover the same.

[Ed. Note.—For other cases, see Army and Navy, Dec. Dig. § 13.\*]

Action by the United States of America against Quincy O. M. Gillmore. Judgment for plaintiff.

A. S. Pratt and C. E. Whitney, for the United States.

Alexander S. Bacon, for defendant.

HAND, District Judge. This is a case in which I feel compelled with some reluctance to give judgment against the defendant for the following reasons:

[1] First. The statute (Act July 31, 1894. c. 174, § 8, 28 Stat. 207 [U. S. Comp. St. 1901, p. 162]) which makes the finding of the Comptroller "final and conclusive," limits its own effect to the "executive branch of the government." I do not know what that means, unless it be to leave it open to the courts to re-examine the merits and decide, regardless of the finding of the Comptroller.† It was no doubt to give to the treasury department an authoritative word when it chanced to differ with the other departments. Moreover, there is no evidence that the Comptroller passed upon the defendant's claim, at the time when it was first paid. So far as the facts show, he advised the Secretary of War to the contrary, though it is perhaps not certain that he was speaking of this very case. The payment was made by the Paymaster General under circumstances not appearing, and there is no room for the application of the statute.

[2] Second. In the absence of such a statute, which of course Congress could make generally applicable, the United States is not bound by a mistaken construction of an act of Congress made by one of its officials, but can recover the money so paid. U. S. v. Burchard, 125 U. S. 176, 8 Sup. Ct. 832, 31 L. Ed. 662; Wisconsin Central R. R. v. U. S., 164 U. S. 190, 17 Sup. Ct. 45, 41 L. Ed. 399. This does not mean that, where the account has once been settled and the sum paid

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† This accords with the universal understanding prior to the statute. U. S. v. Bank of Metropolis, 15 Pet. 377, 10 L. Ed. 774.

to the claimant, the Comptroller can still under the statute make a binding ex parte readjustment of it. U. S. v. Olmsted, 118 Fed. 433, 55 C. C. A. 249; U. S. v. Willcox, 118 Fed. 729, 55 C. C. A. 519. The language in U. S. v. Olmsted, 118 Fed., page 434, 55 C. C. A. 249, that the government may sue when an individual might sue, was in any case obiter, and is contrary to the two cases cited in the Supreme Court, if it means that any erroneous construction of an act of Congress makes the payment conclusive.

[3] Third. The question being open on the merits, it becomes one of whether or not the defendant was discharged from "service" or "the service" under the acts of 1877 and 1899. There seems to be no doubt that as a retired officer he is still in the military service of the United States. U. S. v. Tyler, 105 U. S. 244, 246, 26 L. Ed. 985. Mr. Justice Miller says in that case as follows:

"It is impossible to hold that men who are by statute declared to be a part of the army, who may wear its uniform, whose names shall be borne upon its register, who may be assigned by their superior officers to specified duties by detail as other officers are, who are subject to the rules and articles of war, and may be tried, not by a jury, as other citizens are, but by a military court-martial, for any breach of those rules, and who may finally be dismissed on such trial from the service in disgrace, are still not in the military service."

He is thus entitled to all the rights and must be subject to all the duties of an officer in the military service of the United States.

[4] The next question is whether the two statutes refer to a discharge from the military service of the United States or from the volunteer service. If they do refer to the military service, this is a casus omissus, and the defendant has no relief. If they refer to the volunteer service, he was within the statute. As to the act of 1899, which refers specifically to the volunteer service, it would seem that the words "hereafter mustered out of the service" might more properly mean "mustered out of the volunteer service" than "out of all military service." However, by section 4 of chapter 81 of Act March 3, 1865, 13 Stat. 497, it was provided that all volunteer officers "who shall continue in the military service to the close of the war shall be entitled to receive, upon being mustered out of said service, three months' pay proper." Later by chapter 181 of Act July 13, 1865, 14 Stat. 94, this section was amended so as to provide that all volunteer officers "who were in service" at a given date and who were "honorably discharged from the service" before another should have the allowance. It was held in U. S. v. Merrill, 76 U. S. 614, 19 L. Ed. 664, that in these two statutes "military service" and "service" included any kind of service, volunteer or regular, and that where a regular officer was discharged from the volunteers, so that he resumed his former pay instanter, he could not claim this allowance. I cannot think that the act of 1899, which was drawn to meet the same situation, should be differently construed, and, if so, a regular army officer on active duty would still fall within the decision in United States v. Merrill, supra. Now after U. S. v. Tyler, supra, I can see no ground to exempt the defendant, because he is on the retired list. If he is as the Supreme Court has held, in the military service, there is no

escape from the conclusion that the statute does not cover him, except to say that, when applied to active officers, the act means any kind of military service, and when applied to retired officers it means the volunteer service. That is of course an impossible way to treat a statute. As to the travel pay and subsistence, the act of 1877 is the same in substance as the act of 1899, except that, since its terms are of general application, there is no room for construing it from the context as applying only to volunteers. It is a stronger statute for the plaintiff than the act of 1899.

The defendant urges that I should accept the executive interpretation of the acts, but the trouble is that the executive branches differ, and it so happens that I agree with that construction placed on them by that department which Congress has inter se made controlling.

A great deal has been said of the hardship of such a construction, and indeed the hardship is great in compelling a man to refund money which he has long since and in good faith spent and forgotten. As an original question, however, there is really no great hardship in the Comptroller's construction. As Justice Clifford says in United States v. Merrill, supra, these allowances are not gratuities, but are intended to tide over that period after discharge when a civilian has presumably no means of support. Such is not the case with a retired army officer, who resumes his two-thirds pay from the day of his discharge. He is pro tanto precisely in the same position as his brother upon active duty, and there is no period when he is left without resources. It is true that in respect of the commutation of travel and subsistence, the statute results in most shabby treatment, because the government requires the discharged officer to find his way home at his own charges, which is hardly a generous position for a sovereign to whom he has just volunteered his life. Even as to that, ungenerous as the result may be, it is a mistake to suppose that the loss so imposed was $412.50. That figure is reached upon the assumption of a travel of 20 miles per diem, or some other archaism, long since out of any relation with the facts. The court may take judicial notice that it costs not more than one-tenth of $412.50 to travel with the greatest comfort from South Carolina to New Jersey, so that though the result be unhandsome, the actual loss involved to the defendant would not have been great, had the allowance been originally denied. An act of Congress must be judged by the fair meaning of the words, and not by what Congress would have said, had the contingency been presented to it which subsequently arises and which the words do not cover; nevertheless it is always a legitimate inquiry whether the construction is unjust or unreasonable. In the case at bar I do not think that except in the omission of a travel commutation which bears some relation to the facts, this construction is either unjust or unreasonable. It is perhaps rather hard on Capt. Gillmore that he should not be permitted to keep a travel allowance, even though it be out of proportion to the actual expenses, to which volunteer officers are entitled, but so is it hard upon officers upon the active list, that they, too, are so deprived, and are only provided with actual transportation, when they retire from the volunteer service. Each loses a substantial perquisite which has be-

come sanctioned by time, but which is none the less for the most part a mere gratuity. The only individual hardship which no one but Capt. Gillmore must bear is the actual expenses he was put to, to reach home. As to those he has a very real grievance, and for that I wish I could give him a remedy.

Verdict directed for the plaintiff for $812.50, without interest.