ATLAS LIFE INS. CO. v. DAVIS.

No. 33862. Oct. 3, 1950.

Rehearing Denied March 27, 1951.

Second Petition for Rehearing
Denied June 12, 1951.

*232 P. 2d 146.*

Logan Stephenson, F. C. Swindell, and O. C. Lassiter, Tulsa, for plaintiff in error.

Wheeler & Wheeler, Tulsa, for defendant in error.

JOHNSON, J. The parties here occupied reverse relative positions in the trial court, and hereafter they will be referred to as plaintiff and defendant, respectively.

This is an appeal from a judgment wherein the trial court sustained a motion of plaintiff for judgment on the pleadings. The defendant excepted thereto and appealed.

Defendant sets up two assignments of error: (1) "That the court erred in rendering judgment on the pleadings" and (2) "That the court erred in refusing to allow defendant to amend its answer, constituting an abuse of discretion."

Plaintiff's petition alleged in substance that the defendant, in consideration of payment to it of annual premiums, had heretofore issued its policy of life insurance upon the life

of Clyde H. May for $1,000 and had delivered said policy; that the insured died in January, 1947; that proof of death had been furnished defendant, but that defendant refused to pay the amount to plaintiff, the beneficiary, as shown by the policy attached to and made a part of the petition.

Upon defendant's demurrer to the petition being overruled, it filed an answer, the substance of which is: (1) Defendant admitted the issuance of the policy on the life of Clyde H. May. (2) But it denied that the policy was in effect on the death of said May because the insured did not personally pay the premiums; that said insured was in the military service at the time of the issuance of the policy and requested an allotment to be made for the payment of the premiums, and that thereafter said insured requested that the allotment be discontinued; that the acts of payment of said allotment during the period of military service of the insured were not authorized, and that the department of the government paying same was without authority of the insured, and therefore the policy never became in full force and effect; that the government had no authority to pay the premiums after the discharge from the United States Army; that the government had demanded the defendant repay the premiums. Whereupon, plaintiff filed her motion for judgment on the pleadings which was sustained as heretofore outlined.

The defendant in its brief argues the cause under two propositions.

The first proposition is that "the government's payment of the insurance premiums was unauthorized after the insured on September 11, 1941, notified the military authorities of his election to withdraw his allotment."

To sustain this proposition defendant cites and relies upon the following authorities: 48 C. J. p. 736, U. S. C. A. Title 10, §894; U S. C. A. Title 38, §802 (m) (1); United States Fidelity & Guaranty Co. v. State ex rel. Shull, 169

Okla. 59, 36 P. 2d 47, 49. An examination of these authorities reveals that they are not in point and do not sustain this proposition.

It is undisputed that the policy was issued, and that the company received and retained all the premiums due upon said policy. The facts under the pleadings stand admitted. It is apparent, therefore, that the issue involved is whether the payment of premiums by a third party, or one other than the insured, is sufficient to maintain a policy of life insurance in force and effect. We think it was, since, from the insurer's point of view, it is immaterial who pays the premiums and payment by a third party is sufficient. 14 Appleman Ins. L. & P., §8011; 44 C. J. S., Insurance, §347; 29 Am. Jur., Insurance, §421. (See cases under footnotes of the last named authorities.)

It is contended under this proposition that the payment of the insurance premiums was unauthorized after the insured notified the military authorities of his election of withdrawal of his allotment, and to sustain this contention cites 38 U. S. C. A., §802 (m) (1), which provides: "that any amount so advanced in excess of the available service or other pay shall constitute a lien on the policy within the provisions of Section 454 A of this title." It is obvious that this statute is no basis for relief to defendant. In this connection defendant cites 10 U. S. C. A. §894, supra. This section simply provides that if erroneous payments are made, the same shall be collected by the Chief of Finance from the officer who fails to make proper report of such payments.

The second proposition of defendant is: "The second defense raised in the answer is that a governmental agency continued to advance premiums after the insured ceased to be in the employ of the government or in military service."

In support of this proposition defendant cites Hunter v. United States, 5 Pet. 173, 8 L. Ed. 86; 21 R. C. L., Pay-

ment, §194; United States v. Barlow, 132 U. S. 271, 10 S. Ct. 77, 33 L. Ed. 346; United States v. Gilmore, 189 F. 761; Wisconsin Central Railroad Co. v. United States, 164 U. S. 190, 17 S. Ct. 45, 41 L. Ed. 399.

Without discussing these authorities in detail, we, after careful consideration and study of them, fail to find any rule of law enunciated therein applicable to the pertinent facts herein, and consequently they do not sustain the proposition. We, having held as we did as to defendant's first proposition, hold that its second proposition is without merit.

Defendant's second assignment of error has not been briefed and argued, and therefore will be considered as abandoned. Since the record herein discloses that there is no prejudicail error, and that substantial justice has been done, the judgment will be, and is, affirmed without considering or discussing in detail such assignment.

Affirmed.

ARNOLD, V. C. J., and WELCH, CORN, and O'NEAL, JJ., concur. GIBSON, J., dissents.