SMITH, AUDITOR OF THE PANAMA CANAL, *v.* JACKSON.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 457.  Argued March 6, 7, 1918.—Decided April 15, 1918.

The Auditor for the Canal Zone has no authority to make deductions for rent of quarters, and because of absence, from the salary of the District Judge of the Zone, as fixed and appropriated for by Congress.

Intimated that, but for the character of the proceeding (mandamus) and doubt as to intent, damages would have been inflicted on the Auditor under Rule 23, for plain abuse of administrative discretion in prosecuting this writ of error after being advised by an opinion of the Attorney General and two decisions of the courts below of his manifest duty under the statute respecting the payment of the judge's salary.

241 Fed. Rep. 747, affirmed.

THE case is stated in the opinion.

*Mr. Benjamin F. Harrah* for plaintiff in error.

*Mr. Joseph W. Bailey* for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Congress provided for a district court of the Cañal Zone, the appointment of a judge and the salary attached to the office. (Act of August 24, 1912, c. 390, 37 Stat. 565, § 8.) In due course the salary fixed was definitely appropriated for. It is apparent that some controversy. arose as to whether the Auditor of the Canal Zone had the power to refuse to give effect to the act of Congress fixing and appropriating the salary by withholding such sum as he might think was due from the judge as rent for quarters in property belonging to the United States in the Canal Zone. We say this is to be inferred, because in 1915 the Secretary of War submitted to the Attorney General two questions: first, whether the district judge was entitled to the same privilege as to quarters in the Canal Zone there enjoyed by other employés of the Government; and second, if not. whether the Auditor had authority to deduct from the salary of the judge before paying it the sum which he considered due for rent of such quarters. Reversing the order in which the questions were asked, the Attorney General came first to reply to the second question and said: ". . . without specific authority no portion of the salary of an officer of the United States may be withheld. See 20 Ops. 626 (1893); *Benedict* v. *United States,* 176 U. S. 357 (1900). . . ."

While it is apparent that this ruling should have put the subject at rest, obviously the misconception of the

Auditor as to the nature of his powers prevented that result from being accomplished and the Auditor refused to carry out the act of Congress and deducted from the salary of the judge, fixed by Congress, not only a charge for rent of quarters, but a sum which he considered due because of the absence of the judge from the Canal Zone during a certain period. The judge thereupon commenced the proceeding which is before us to compel the Auditor to perform his plain duty under the law and pay the salary without the deductions. As the result of the action of the Auditor and the necessity for bringing the suit, the expense was occasioned the United States of calling a judge from the United States to hear the cause and Judge Clayton of the Middle and Northern Districts of Alabama proceeded to the Canal Zone to discharge that duty. He did so, stating the reasons which controlled him in an elaborate and careful opinion making perfectly manifest the error of the action of the Auditor and his wrong in refusing to observe the ruling of the Attorney General in the premises. (241 Fed. Rep. 747.) From the consequent judgment directing the payment of salary to be made without the deductions the Auditor prosecuted error from the Circuit Court of Appeals for the Fifth Circuit, in which court the judgment below was affirmed, and it is a further writ of error prosecuted by the Auditor from this court to that ruling which brings the subject-matter before us now.

The expense of printing a voluminous record has been occasioned and the views of the Auditor have been pressed before us in a printed argument of more than one hundred pages. We think, however, that we need not follow or discuss that argument, as we are of opinion that it is obvious on the face of the statement of the case that the Auditor had no power to refuse to carry out the law and that any doubt which he might have had should have been subordinated, first, to the ruling of the Attorney

General and, second, beyond all possible question to the judgments of the courts below. It follows, therefore, that the prosecution of the writ of error from this court constituted a plain abuse by the Auditor of his administrative discretion. In an ordinary case the situation would be one not only justifying but making it our duty to direct the enforcement of Rule 23 as to damages. As, however, the judgment is not one for money but relates solely to the obligation to perform a manifest public duty, and plain as may have been the abuse of discretion committed, we are fain to believe it involved no intentional disregard of official duty, we pass that subject by and our order will be

*Judgment affirmed.*