### DILLON v. GROOS.

(District Court, N. D. Florida. May, 1924.)

1. **United States ⊱114—Budget Act does not authorize disallowance by Comptroller General of claims previously allowed and settled.**

   Rev. St. § 236, as amended by Budget Act June 10, 1921, § 305 (Comp. St. Ann. Supp. 1923, § 368), providing that all claims of or against the United States shall be settled and adjusted in the Accounting Office, does not authorize the Comptroller General to reaudit and disallow a claim against the United States, previously allowed and settled in the Treasury Department.

2. **United States ⊱39(1)—Accounting officers cannot charge claims against officers' salaries fixed by statute.**

   Accounting officers of the government cannot check disputed items of account against salaries of officers fixed by statute.

3. **Army and navy ⊱13(2)—Officers in arrears to United States.**

   Naval Regulation No. 1744 is based on Rev. St. § 1766 (Comp. St. § 3239), providing that no compensation shall be paid to any person who is in arrears to the United States, until he has accounted for and paid into the Treasury all sums for which he may be liable, and applies only to

⊱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

persons who, as contractors or disbursing officers, hold in trust sums or balances of public money for which they are required to account.

4. **United States** ☞39(1)—**Comptroller General without authority to withhold salary of officer.**

Rev. St. § 236, as amended by Budget Act June 10, 1921, § 305 (Comp. St. Ann. Supp. 1923, § 368), confers no authority on the Comptroller General to arbitrarily withhold, on an ex parte examination, the salary of an officer whose compensation is fixed by law.

5. **United States** ☞39(1)—**Debts due the government may not be set off against salaries of officers.**

Debts due the government, though reduced to judgment, may not be set off against the salary "demand" of any officer whose salary is fixed by statute.

Mandamus. Petition, on relation of Wallace M. Dillon, Lieutenant U. S. Navy, against H. E. Groos, Lieutenant U. S. Navy and Paymaster of United States steamship Langley. Writ granted.

Philip D. Beall and John M. Coe, both of Pensacola, Fla., for relatoī.

John S. Beard, of Pensacola, Fla., amicus curiæ.

Fred Cubberly, U. S. Atty., of Gainesville, Fla., and G. Earl Hoffman, Asst. U. S. Atty., of Pensacola, Fla., for respondent.

SHEPPARD, District Judge. Wallace M. Dillon, Lieutenant U. S. N., brought his petition for mandamus against H. E. Groos, Lieutenant U. S. N. S. C., paymaster U. S. S. Langley, reciting that the former was a duly commissioned lieutenant in the United States Navy, and entitled by act of Congress to his salary and certain other compensation, for which moneys had been duly appropriated by Congress; that said paymaster had refused to pay relator his compensation, and was unlawfully withholding same, to secure the payment of an alleged indebtedness, claimed to be due to the United States by reason of overpayments previously made to relator on account of commutation of quarters. Relator denies any indebtedness to the United States as claimed, and avers that said claim for which the indebtedness is now asserted was by a former department audit approved and allowed.

The alternative writ issued. Respondent paymaster has answered, substantially admitting the official position of relator, and that he had performed his duties as such, but alleges that relator's salary is $2,640 per annum, plus 50 per cent. for flight pay, with further allowances of $960 and $438, making an aggregate compensation of $5,358 per annum. Then the answer proceeds:

"That for reasons that will hereinafter be set forth respondent has no funds available to pay relator."

Summarizing the additional reasons, they are in fact merely recitals of Regulations of the Navy No. 1745 (1746) and No. 1744; said regulations having reference to moneys placed in charge of a paymaster by order or authority of the commanding officer or of the Treasury or Navy Departments, and that relator's salary should not be paid to him without the sanction or approval of either such paymaster's immediate commanding officer, the commander in chief of fleet, com-

mander of squadron, division, or station, the auditor of the Navy Department, the Comptroller of the Treasury (Comptroller General), or the Secretary of the Navy. It is noticed in passing that regulation No. 1744, chiefly relied on, is an excerpt from section 1766, Revised Statutes of the United States (Comp. St. § 3239).

Further justifying, it is alleged that as paymaster he had received from the Comptroller General a notice prohibiting him from making further payments to relator until certain moneys found to be due by the Comptroller from relator had been covered in the Treasury, which order the paymaster asserts is binding and controlling on him, under section 1766 and section 236, Revised Statutes of the United States, concluding with the solemn fiat that the Comptroller General, his superior officer and a competent authority, had ascertained and determined and stated the account of relator with the United States, and found him indebted to the same, and that respondent was without any discretion in the premises.

To this return or answer the relator demurred, ·and at bar stated orally that he desired the same to be taken as a motion for peremptory writ, the return vel non.

Sufficient is disclosed by the record and admissions at the argument to show that the Comptroller General, whose office came into existence in July, 1921, proposed by a revised audit to set off against the salary of relator a debit, conceded to be $1,903.13, found against relator on account of errors in overpayments made to relator during the periods from 1919 to 1922, inclusive, which sums were paid in commutation of quarters on account of dependent mother, and had theretofore been allowed upon satisfactory proofs, in the forms required, audited and settled by the auditor, of which twice before, it appears, the paymaster's accounts had been relieved.

[1, 2] The attempt of the Comptroller General in 1924 to reaudit the settled accounts of relator, allowed and approved as far back as 1922, finds no support in section 236, Revised Statutes (as amended by Act June 10, 1921, § 305 [Comp. St. Ann. Supp. 1923, § 368]). Similar accounting or checking by the Auditing Department has been held indefensible by the Attorney General in an Advisory Opinion to the Secretary of the Treasury. 20 Op. Atty. Gen. 626. See, also, Smith v. Jackson, 241 Fed. 747, 154 C. C. A. 449, affirmed 246 U. S. 388, 38 Sup. Ct. 353, 62 L. Ed. 788. The Smith Case, supra, so exhaustively reasoned, would seem to be conclusive of the question of the authority of accounting officers of the government to check disputed items against salaries fixed by statute.

[3] Regulations of the Navy Department No. 1744, cited by respondent for his warrant for withholding the pay of the relator, that "no money shall be paid to any person for his compensation, who is in arrears to the United States, until he has accounted for and paid into the Treasury all sums for which he may be liable are clearly inapplicable to the case here. Money accruing from commuted rations and from commutation of quarters may be paid regardless of the person's indebtedness," is predicated upon section 1766, Revised Statutes of the United States, which section has received interpretation by the Attorney General of the United States, the highest law officer in the

government, and has been given a different meaning from that interposed by the answer here.

It was the opinion of the Attorney General that "any person and [or] officer," who are not to receive payments until they shall have accounted for and paid into the Treasury any sums for which they are liable, contemplated persons who as contractors or disbursing officers, or both, of public funds, and were in relation of trust as such to the government, as would have in their hands sums or balances of public funds for which they were bound to render accounts, and to cover the balances of moneys into the Treasury. These would naturally be in "arrears," and be in a position to have a "balance due" found by the accounting officers." 26 Op. Atty. Gen. p. 79.

[4] Section 236, Revised Statutes of the United States, which also is opposed by respondent to the relief of the relator, purports to be merely a provision of the act creating a new fiscal policy adopted by the Act of June 10, 1921, one of which is for the transfer of the auditing of the various departments to the General Accounting Office, under the Comptroller General, and investing that officer with exclusive authority to settle accounts for and against the government. It would not seem to be authority for arbitrarily withholding, upon an ex parte examination, the salary of an officer whose compensation is fixed by law. There is nothing in the section cited which confers upon the Comptroller General, directly or indirectly, the exercise of judicial discretion or authority. United States v. Olmstead, 118 Fed. 433, 55 C. C. A. 249.

[5] Putting aside any discussion as unnecessary to this decision, the more serious questions, perhaps, would be the deprivation of relator's property in violation of his constitutional rights; apart from that, there is the clear distinction recognized in the adjudicated cases between claims against the government, which the accounting officers are authorized to examine and allow or disallow, and "demands," embracing sums fixed, and the payments provided by the legislative department of the government. Debts due the government, though reduced to judgment, may not be set off against the salary "demand" of any officer whose salary is fixed by statute.

This view is clearly upheld in United States v. Gillmore (C. C.) 189 Fed. 761, where a similar exercise of authority of the Comptroller was attempted; the court saying:

"The statute (Act July 31, 1894, c. 174, § 8, 28 Stat. 207, U. S. Comp. St. 1901, p. 162) * * * makes the finding of the Comptroller 'final and conclusive.' * * * I do not know what that means, unless it be to leave it open to the courts to re-examine the merits and decide, regardless of the finding of the Comptroller. It was no doubt to give to the Treasury Department an authoritative word when it chanced to differ with the other departments." 26 Op. Atty. Gen. p. 77.

It is not claimed by the answer that respondent has any discretion in the premises, or that he is invested by law with the exercise of judgment as to issuing the pay warrant to relator, or otherwise making payment, or that the latter had perpetrated a fraud upon the government in obtaining the commutation passed and allowed by the auditor in 1919, but submits the quoted regulation, supra, and the notice of

the Comptroller General, that further payments on account of salary to relator would be disallowed as a credit in the accounts of respondent paymaster. Admittedly, where there is a latitude for discretion, the lawful order or direction by a superior in the same executive department of the government may be opposed against mandamus for the discharge of a merely ministerial duty. Nor will the writ lie to compel a merely ministerial duty, where the officer shows his inability to comply without the concurrence of a superior. See Brashear v. Mason, 6 How. 92, 12 L. Ed. 357, 6 Rapalje's footnotes, p. 97. No such status is disclosed here by the answer. The duty sought to be discharged in the present instance is the payment of the relator, or the signing and delivery of the pay warrant of the relator for a definite sum, provided by law.

Suffice it to say that, in the view of the writer, the Comptroller is without authority or warrant in the regulations or statute for the exercise of the judicial function of an ex parte revision of the closed audits of a predecessor, or to check against the salary of the relator items allowed theretofore, as just and reasonable, under the law. It takes no argument to demonstrate that such a province is the exercise of a judicial function, upon proofs, after a fair hearing. Noble v. Union Logging Co., 147 U. S. 171, 13 Sup. Ct. 271, 37 L. Ed. 123; Smith v. Jackson, supra; U. S. v. Olmstead, supra; U. S. v. Gillmore, supra.

It follows, therefore, that the alleged notice of the Comptroller General, if deemed an order, was based upon a misapprehension of his authority under section 236, Revised Statutes, as amended by Act June 10, 1921, § 305, and furnished no legal excuse for withholding the salary of relator. Petitioner is entitled to the peremptory writ, commanding the respondent to pay the relator his salary in the usual and customary manner as officers in the Navy are paid.