## HOWE, Chief Pay Clerk, U. S. Navy, v. ELLIOTT, Lieutenant Supply Corps, U. S. Navy.

(District Court, S. D. Florida. June 30, 1924.)

No. 294.

Army and navy ⬅13(2)—Withholding of pay of navy officer for alleged indebtedness to the United States held unwarranted.

Withholding of pay of an officer of the navy, for which appropriation has been made by Congress on account of an alleged indebtedness to the United States, from which he has been exonerated by the Secretary of the Navy, *held* unwarranted and illegal.

Mandamus. Petition of Theodore F. Howe, Chief Pay Clerk, U. S. Navy, against William Elliott, Lieutenant Supply Corps, U. S. Navy, and disbursing officer, for writ of mandamus. On demurrer to return. Demurrer sustained, and writ granted.

J. F. Busto, of Key West, Fla., for petitioner.

CALL, District Judge. Theodore F. Howe, Chief Pay Clerk, U. S. Navy, filed his petition for a mandamus against Lieut. William Elliott, S. C. U. S. Navy, disbursing officer of the U. S. Naval Station at Key West, Fla.

The petitioner alleges that he is a duly commissioned Chief Pay Clerk in the Navy; that Congress has made appropriation for his salary and certain other compensations; that respondent refuses to pay the compensation fixed by law and is unlawfully holding same to secure an alleged indebtedness claimed to be due the United States on account of a shortage in the accounts of the petitioner. He then states a certain amount is due him for services rendered as such Chief Pay Clerk. He denies that any amount is due from him to the United States, and shows that the shortage claimed was relieved by a finding of the Secretary of the Navy under the provisions of the Act of Congress approved July 11, 1919 (41 Stat. 132 [Comp. St. Ann. Supp. 1923, § 6619a]), quoting the certificate of the Secretary as follows:

"I certify that the loss or deficiency below mentioned occurred without fault or negligence on the part of the officer concerned, and that this officer was in the line of his duty when such loss or deficiency occurred. In view of such fact, and of the authority in me vested by the Act of July 11, 1919, I request that the following credit be made in the accounts of this office: Chief Pay Clerk Theodore F. Howe, S. C. U. S. N., representing the loss of funds while this officer performed duty on the Rochester, and suspended on certificate 18356–D, supplementary to certificate 17038–D, $12,879.90."

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

To this petition the respondent makes return, admitting the official position of the petitioner, the compensation due him for services rendered, the duty on the part of respondent to pay the naval officers their compensation, that the sum due petitioner as compensation is being held by reason of the following order, to wit:

"General Accounting Office,

"Washington, March 15, 1924.

"Office of the Comptroller General of the United States.

"In reply quote initials 'COL.' "

"Disbursing Officer, Seventh Naval District, Key West, Florida—Sir:

"By settlement No. 4795–E, dated June 19, 1923, Theodore F. Howe, Pay Clerk, Supply Corps, U. S. Navy, was found indebted to the United States in the sum of $13,042.98, $12,879.98 of which represents the amount of credit claimed on his account current for fractional second quarter, 1920, and which amount has not been deposited to the credit of the Treasurer of the United States, or otherwise accounted for, and the sum of $163 paid to some unknown person on pay receipt containing the forged signature of P. H. Hodge, seaman second class, on the receiving ship at Boston, Massachusetts, May 5, 1918.

"Demands made upon Mr. Howe for payment of the amount of this indebtedness have not been complied with, and since the records of this office show that you are carrying Mr. Howe's accounts your attention is invited to the provisions of section 1766 of the Revised Statutes. Credit will not be allowed for further payments to Mr. Howe until the sum of $13,042.98 due the United States has been covered into the Treasury. The amount should be credited to 'General Account of Advances, Navy' and the Military Division of this office advised.

"Respectfully, [Signed] J. H. McCarl, Comptroller General."

And pursuant to said order he is withholding all compensation as same accrues to petitioner.

To this return petitioner demurs and asks for issue of the peremptory writ.

The decision of Judge Sheppard in Dillon v. Groos (D. C.) 299 Fed. 851, discusses the acts of Congress bearing upon the question at issue in this case fully, and after giving the acts due consideration I am in full accord with the conclusion reached in that case.

The question at issue here seems to me to have been settled adversely to the position taken by the Comptroller General in the instant case by the opinion of the Attorney General, rendered the Navy Department. Why that opinion was ignored by the accounting officer is difficult to understand, in the light of the decision of the courts—District Court, Circuit Court of Appeals, and Supreme Court—in the case of Smith v. Jackson, 246 U. S. 388, 38 Sup. Ct. 353, 62 L. Ed. 788, decided in 1918, and referring to Benedict v. U. S., 176 U. S. 357, 20 Sup. Ct. 458, 44 L. Ed. 503, decided in 1900.

The demurrer to the return will be sustained, and the peremptory writ issued as prayed in and by the petition.