## HETFIELD v. BARBER, U. S. Naval Disbursing Officer.*

(District Court, S. D. California, S. D. November 28, 1924.)

**1. Army and navy ⊜13(2)—No executive authority to withhold salary from naval officer.**

The salaries of naval officers are fixed by statute and payable at stated times, and there is no authority in any executive officer to withhold or retain any portion of such salaries.

**2. Mandamus ⊜107—Naval disbursing officer may be compelled by mandamus to pay salary of officer.**

The duty of a disbursing officer of the navy to pay the salary of a naval officer from funds appropriated for the purpose is ministerial, and not discretionary, and he may be compelled by mandamus to perform such duty.

Mandamus. Petition of William Brawner Hetfield against E. H. Barber, United States Naval Disbursing Officer, for writ of mandamus. Writ granted.

Ewell D. Moore and James H. Farraher, both of Los Angeles, Cal., for petitioner.

Joseph C. Burke, Esq., U. S. Atty., of Los Angeles, Cal., and O. R. McGuire, Sp. Asst. Atty. Gen., for respondent.

McCORMICK, District Judge. The petitioner, Hetfield, a duly commissioned Lieutenant Commander of the United States Navy, in active service, asks for a writ of

*Judgment reversed 3 F.(2d) —.

mandamus, directed to respondent, Barber, United States naval disbursing officer, commanding said disbursing officer to pay to Hetfield certain amounts of salary withheld from said Hetfield by the disbursing officer under orders of the Secretary of the Navy and the Comptroller General of the United States.

The salary of Hetfield, which is definitely fixed by statute, is made payable monthly in the sum of $365.75. The respondent is now retaining and refusing to pay over to the petitioner 20 per cent. of the salary due petitioner from April 1, 1924, to September 15, 1924, amounting in the aggregate to $402.35. The retention and withholding of this amount is made because it is asserted by respondent and the Comptroller General that Hetfield has been erroneously paid the sum of $2,-870.71 from the Treasury of the United States on account of alleged dependency allowances concerning his mother from April 22, 1919, to March 31, 1922.

It appears that, although at one time it had been determined and decided by the government that Hetfield was entitled to said dependency allowances, later, upon an attempted review by the authorities, it was held by them that the allowances were not warranted and were illegally made. The respondent has appeared herein, pursuant to the alternative writ of mandamus, and has moved to dismiss this entire proceeding, upon the ground that this court has no jurisdiction thereof. Respondent further contends that mandamus is not available or appropriate to petitioner under the facts and circumstances hereof.

[1, 2] I find no merit in respondent's contentions. This proceeding is justified and authorized under the Judicial Code of the United States. The salary of a naval officer being fixed by law at a definite and certain amount, the duty of respondent in paying and disbursing such salary to an officer is purely ministerial. His duty is plain in such cases, and in the performance of his duty he is neither called upon nor permitted to exercise discretion or latitude as to what portion of the officer's salary he will pay or withhold. He must pay the whole of the salary to the officer. If the government as an entity has any legal and valid claim against the petitioner, it can pursue such by the regular legal processes and procedure; but neither the respondent, nor the Comptroller General, nor the Secretary of the Navy, nor any other agent of the government, can offset government claims by withholding or retaining any portion of the statutory salary due to a naval officer. As long as there is money in the treasury of the United States to pay the salary of a naval officer, the statutory salary must be paid when due, and in such event the disbursing agents have no room for the exercise of discretion with reference to the amount which they will pay as salary to the naval officer, and whenever it appears that strict compliance with the law is not observed by the governmental disbursing agencies mandamus will issue to require and to command them to perform their duty.

The foregoing is not only sound in principle, but finds support in the decisions of the federal courts. The Supreme Court of the United States has so ruled [1] in confirming the case of Smith v. Jackson, 241 F. 747, 154 C. C. A. 449, where the following pertinent language is used: "Every executive officer, whose duty is plainly devolved upon him by statute, might refuse to perform it, and when his refusal is brought before the court he might successfully plead that the performance of his duty involved an interpretation of the statute by him, and therefore it was not ministerial, and the court would on that account be powerless to give relief. In this case we think that proper construction of the statute is clear, and the salary should have been paid."

The foregoing case grew out of an effort upon the part of certain governmental agents to retain a portion of the salary of a judge of the Canal Zone in payment of rental of quarters occupied by the judge. The ruling was that the judge's salary was fixed by statute, and could not be checked against, and that the function of paying and disbursing the statutory salary to the judge was a mere ministerial act, wherein the disbursing agent had no discretion or latitude as to the amount which he should pay to the judge.

There have been cases cited by respondent, but all of them are in my opinion clearly distinguishable from the case at bar, as all of such cited cases required some exercise of judgment or discretion upon the part of the governmental agent against whom mandamus or injunction was sought. They involved an interpretation by the disbursing officer of some statute. No such situation exists here.

The precise question submitted for decision in this proceeding has been before two District Courts of the United States, and also before the Attorney General of the United States, and all of these authorities have uniformly held that the Comptroller General

[1] 246 U. S. 388, 38 S. Ct. 353, 62 L. Ed. 788.

and the disbursing officers of the navy are acting beyond their powers in endeavoring to check against the salary of naval officers. Dillon v. Groos (D. C.) 299 F. 851; Howe v. Elliott (D. C.) 300 F. 243; 20 Op. Attys. Gen. 626.

Upon the authorities herein referred to, and for the reasons hereinabove assigned, the respondent's motion to dismiss is denied, and the petitioner is entitled to the relief as prayed. Counsel for petitioner will prepare and present an appropriate order pursuant hereto.