## EMERSON v. BAKER.

(District Court, N. D. Georgia. January 30, 1925.)

No. 323.

1. Courts ⬤⟿424—Federal District Court has only jurisdiction granted by Congress within constitutional limits.

The United States District Court has only such jurisdiction as Congress has bestowed on it, within limits defined by Const. art. 3.

2. Courts ⬤⟿279—Basis of equity jurisdiction of federal court should be positively averred.

The basis of a claim that the United States District Court has jurisdiction to entertain a bill in equity should be clearly and distinctly stated in the bill, by positive averments, and cannot be inferred argumentatively.

3. Courts ⬤⟿279—Jurisdiction of injunction to restrain deductions from army officer's pay held not sufficiently averred.

A bill in equity by an army officer to enjoin finance officer from withholding complainant's full pay until alleged overpayments of allowances for subsistence and rental of quarters, made under Act June 10, 1922, are repaid, which action defendant threatens to take under authority of Rev. St. § 1766 (Comp. St. § 3239), held not sufficiently to aver jurisdiction of federal District Court under any of the provisions of Judicial Code, § 24 (Comp. St. § 991), particularly in view of Act July 16, 1892 (Comp. St. § 3240), limiting authority to withhold pay of officers, under Rev. St. § 1766.

In Equity. Bill for injunction by Thomas H. Emerson against F. J. Baker. On motion to dismiss. Bill dismissed.

Armbrecht & Hand, of Mobile, Ala., and Alston, Alston, Foster & Moise, of Atlanta, Ga., for plaintiff.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga., and O. R. McGuire, Sp. Asst. Atty. Gen., for defendant.

SIBLEY, District Judge. The petitioner, Thomas H. Emerson, is a major in the army, who has heretofore been paid, besides his base pay and longevity increases, also full allowances for subsistence and for rental of quarters, as provided by Act June 10, 1922, 42 Stat. 625, on the assumption that his mother was, in the language of that statute, "dependent in fact upon him for her chief support." Section 4 (Comp. St. Ann. Supp. 1923, § 2089a[4]). He is now stationed at Mobile, Ala., where no public quarters are available, and where he is consequently entitled to an allowance for quarters.

The defendant, Capt. F. J. Baker, stationed at Atlanta, Ga., in this district, is the finance officer whose duty it is to pay the petitioner. Capt. Baker, however, on

the ground that Maj. Emerson's mother is not in fact dependent, within the meaning of the statute, has since July 1, 1924, failed and refused, though money was appropriated therefor, to pay the subsistence and quarters allowance for an officer of Maj. Emerson's grade having dependents, and has paid only a lesser sum fixed for such officer having no dependents, the difference amounting to $383.60 at the filing of suit. Also for the same reason J. R. McCarl, Comptroller General of the United States, has determined that prior to July 1, 1924, overpayments have been made to Maj. Emerson in a sum of $1,361.73, by Capt. W. D. Dabney, the finance officer under whose jurisdiction Maj. Emerson then was, and has demanded repayment thereof to Capt. Dabney.

Thereupon this bill was brought in equity, setting up these facts and alleging that the Comptroller General is about to order Capt. Baker to withhold petitioner's salary until the sum due Capt. Dabney is repaid, under authority of R. S. 1766 (Comp. St. § 3239), which Capt. Baker will do unless restrained, and, there being no adequate remedy at law, the court is prayed to enjoin Capt. Baker from withholding full allowances since July 1, 1924, and to enjoin him and his successors in office from withholding full pay and allowances so long as Maj. Emerson performs his duties at Mobile, Ala., and appropriations are available.

An oral motion to dismiss for want of jurisdiction and for lack of indispensable parties was made, and decision reserved. Subject to this motion, the case was submitted for final decree on the pleadings and evidence.

[1-3] It is elementary that the District Court has only such jurisdiction as Congress has bestowed upon it, within the limits defined in article 3 of the Constitution. The Constitution limits the possibilities and the statutes express the actualities of this jurisdiction. The basis of the claim of jurisdiction should be clearly and distinctly stated in the bill, by positive averments, and cannot be inferred argumentatively. Hanford v. Davies, 163 U. S. 273, 16 S. Ct. 1051, 41 L. Ed. 157. This petition commits itself to no theory of jurisdiction. The citizenship of neither party is stated, the value of the matter in controversy is not alleged, nor any particular head of jurisdiction referred to. It is not in terms a suit against the United States, under Judicial Code, § 24, par. 20 (Comp. St. § 991), nor is the defendant alleged to have any au-

thority to represent the United States in litigation. No law is known by which service on him would in any way bind the United States or his successors in office. Though the suit plainly arises under the laws of the United States, it arises under none of the particular laws and involves none of the particular matters dealt with in section 24, par. 2, and following, where the amount involved is immaterial. Though an army officer is the plaintiff, it is not one "brought by an officer of the United States authorized by law to sue," within the first clauses of section 24, par. 1, because, if an army officer be among the officers of the United States meant, the plaintiff is not here suing by authority of any law, that is, in his official capacity and to execute his official duties, but only to vindicate his private rights. He is seeking to force the defendant to the performance of a duty to pay over money in his hands, or available from appropriations already made, due to the plaintiff under an act of Congress, and as to which plaintiff claims he has no contention with the United States.

Plaintiff's counsel so interprets the suit in argument, and places the jurisdiction on that part of section 24, par. 1, relating to suits arising under the laws of the United States where the matter in controversy exceeds $3,000. Under somewhat similar facts in Dillon v. Groos, 299 F. 851, and Howe v. Elliott, 300 F. 243, the District Courts granted relief by mandamus. The jurisdiction, as affected by the amount involved, does not seem to have been questioned, nor any note taken of the holding of the Supreme Court that District Courts, unless specially authorized by statute other than R. S. § 716, now Judicial Code, § 262 (Comp. St. § 1239), cannot grant independent relief by mandamus. Covington Bridge Co. v. Hager, 203 U. S. 109, 27 S. Ct. 24, 51 L. Ed. 111. In the case of Smith v. Jackson, 241 F. 747, 154 C. C. A. 449; 246 U. S. 388, 38 S. Ct. 353, 62 L. Ed. 788, the District Court involved was that of the Canal Zone, which, under the statute of its creation, was held to have plenary jurisdiction. In Loisel v. Mortimer (C. C. A.) 277 F. 882, the remedy by mandatory injunction which is here sought was applied, but no question of jurisdiction as affected by the amount involved was ruled. It was held, however, that a suit to require a payment due by law from an appropriation, then in the hands of a disbursing officer of the United States, was not one against the United States.

The sum directly involved here is only

$383.60, past-due allowances. But it is said that the controversy involves also the plaintiff's *right* to receive the allowances. If the suit were against the United States, this right would be in controversy, and would be adjudicated by a decree; but with this defendant there is no controversy, save his present duty to pay. He does not represent the United States, and no adjudication with him as a party could establish the right of petitioner as against the United States or its other officers. The asserted future right, moreover, is too uncertain to be the subject of any valuation, for it depends, not only upon the life and continuance in the service of the petitioner, but also upon the life and continued dependency of his mother. If he now sustains his contention as to her present dependency, she may die to-morrow, or may regain her health, so as to relieve the heavy expenses that now so largely make her dependent, or the now unproductive property alleged to be owned by her may become productive, or she may acquire other property. About the legal elements of petitioner's right there is no controversy. The facts involved in it are so subject to change as to make the right incapable of fixation by an adjudication, or of satisfactory valuation for the future.

Plaintiff's fear that his salary may be withheld under R. S. § 1766, on account of past overpayment of allowances, cannot be used to enlarge the controversy. R. S. § 1766, is modified by the special provision with reference to the pay of army officers contained in the Act of July 16, 1892 (Comp. St. § 3240), thus: "The pay of officers of the army may be withheld under section 1766 of the Revised Statutes on account of an indebtedness to the United States admitted or shown by the judgment of a court, but not otherwise unless upon a special order issued according to the discretion of the Secretary of War." The overpayment here is not admitted, has not been established by a judgment of a court, nor has the Secretary of War issued any order touching it. The defendant has not done nor threatened to do anything about it that would make him subject to suit or bring this into controversy with him. Ineed, since it relates to overpayments by another officer, who is seeking himself to have reimbursement, it seems to be a distinct controversy, in any investigation of which this officer would be an indispensable party, or else the United States, if they be the interested party.

Certainly the jurisdiction of the court does not plainly appear from any positive averments of the bill, nor even from any reasonable inference from them. The motion to dismiss is therefore sustained.