## BARBER, U. S. Naval Disbursing Officer, v. HETFIELD.

(Circuit Court of Appeals, Ninth Circuit. February 16, 1925.)

No. 4451.

**Courts ⬥265—Federal courts without jurisdiction of original action in mandamus.**

A District Court of the United States has no jurisdiction of an original action in mandamus, unless the writ is issued in aid of its jurisdiction in a case already pending.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Paul J. McCormick, Judge.

Petition of William Brawner Hetfield against E. H. Barber, United States Naval Disbursing Officer, for writ of mandamus. Writ granted (2 F.[2d] 723), and respondent appeals. Reversed, with direction to dismiss.

Joseph C. Burke, U. S. Atty., of Los Angeles, Cal., and O. R. McGuire, Sp. Asst. Atty. Gen., for appellant.

James H. Farraher and Moore & Farraher, all of Los Angeles, Cal., for appellee.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order awarding a peremptory writ in an original action in mandamus commenced in the court below. At the threshold of the proceedings the jurisdiction of the court was challenged by motion to dismiss, and, in our opinion, the challenge should have been sustained. Discussing the jurisdiction of the courts of the United States in original mandamus proceedings, in Covington & C. Bridge Co. v. Hager, 203 U. S. 109, 27 S. Ct. 24, 51 L. Ed. 111, the Supreme Court said:

"We are of the opinion that the court below had no jurisdiction of this action. It has been too frequently decided in this court to require the citation of the cases that the Circuit Courts of the United States have no jurisdiction in original cases of mandamus, and have only power to issue such writs in aid of their jurisdiction in cases already pending, wherein jurisdiction has been acquired by other means and by other process."

Again:

"We deem it settled beyond controversy, until Congress shall otherwise provide, that Circuit Courts of the United States have no power to issue a writ of mandamus in an original action brought for the purpose of securing relief by the writ, and this result is not changed because the relief sought concerns an alleged right secured by the Constitution of the United States."

Our attention has not been directed to any act of Congress enlarging the jurisdiction of the District Courts of the United States in this regard, and we have found none. Paragraph 14 of section 24 of the Judicial Code (Comp. St. § 991), defining the jurisdiction of the District Courts, is but a re-enactment of paragraph 16 of section 629 of the Revised Statutes, defining the jurisdiction of the Circuit Courts. The latter provides that the Circuit Courts shall have original jurisdiction "of all suits authorized by law"; whereas, the former provides that the District Courts shall have original jurisdiction "of all suits *at law or in equity* authorized by law." But this slight change does not enlarge the jurisdiction of the District Courts, especially in view of the fact that the limitation upon the power to issue writs of mandamus is found in section 716 of the Revised Statutes, which has been brought forward as section 262 of the Judicial Code (Comp. St. § 1239).

To support the jurisdiction, the appellee cites Smith v. Jackson, 241 F. 747, 154 C. C. A. 449, same case, 246 U. S. 388, 38 S. Ct. 353, 62 L. Ed. 788, Loisel v. Mortimer (C.

C. A.) 277 F. 882, Dillon v. Groos (D. C.) 299 F. 851, and Howe v. Elliott (D. C.) 300 F. 243. The case of Smith v. Jackson arose in the Canal Zone, and the act of Congress defining the jurisdiction of the District Courts there differs widely from the act defining the jurisdiction of District Courts generally. Loisel v. Mortimer was a suit for an injunction, not an action in mandamus. The two latter cases are directly in point. However, both of these cases arose in the Fifth Circuit, and the decisions would seem to be directly contrary to the recent decision of the Circuit Court of Appeals for that circuit in Fineran v. Bailey, 2 F.(2d) 363, where the court said:

"A federal court has no power to issue a writ of mandamus, except in aid of jurisdiction previously acquired."

But, without further attempting to distinguish the cases, it seems to be settled beyond all controversy that a District Court of the United States has no jurisdiction of an original action in mandamus, unless the writ is issued in aid of its jurisdiction in a case already pending, wherein jurisdiction was acquired by other means and by other process.

The judgment of the court below must therefore be reversed, with directions to dismiss for want of jurisdiction.

It is so ordered.