## ALEXANDER v. MARE.

### McCARL et al. v. WYLLY.

(Circuit Court of Appeals. First Circuit. June 12, 1925.)

Nos. 1841, 1842.

1. **Army and navy** ⊙⟹13(2)—**Withholding pay of officer, on claim of previous overpayment for support of dependents, unauthorized.**

Pay of naval officer, admittedly due, may not be withheld by disbursing officer on unadjudicated claim of previous overpayment for support of dependents.

2. **Action** ⊙⟹15—**Same person may be petitioner and respondent in different capacities.**

A naval officer, who is also disbursing officer, may individually petition for mandamus against himself, as disbursing officer and the Comptroller General to compel payment of his salary as naval officer without deductions for claimed overpayment for support of dependents.

Appeals from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Two petitions for mandamus, one by Anton L. Mare against Edward Alexander, and the other by Thomas S. Wylly against J. Raymond McCarl and others. Writs granted (2 F.[2d] 895, 897), and respondents appeal. Affirmed.

O. R. McGuire, of Washington, D. C., and George R. Farnum, of Boston, Mass. (Harold P. Williams, of Boston, Mass., on the brief), for appellants.

Robert J. White, of Boston, Mass., for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. [1] These two cases, heard together, are petitions for

mandamus to compel disbursing officers to pay lieutenants in the navy sums admittedly due them for salary and allowances. The Comptroller General claims the right to collect, by way of set-off, alleged overpayments previously made these naval lieutenants for support of their dependents. To sustain this claim would manifestly make the Comptroller General judge, jury, and deputy marshal, armed with an execution in behalf of the United States. To withhold salaries would or might cripple the naval and army services. No such power is vested in any government official. All questions here involved are really determined by the decision of the Supreme Court in Smith v. Jackson, 246 U. S. 388, 38 S. Ct. 353, 62 L. Ed. 788, affirming, as did the Circuit Court of Appeals (241 F. 747, 750, 154 C. C. A. 449), Judge Clayton's opinion in the District Court. To the same effect are District Court opinions—Dillon v. Groos, 299 F. 851; Howe v. Elliott, 300 F. 243.

[2] In No. 1842 there is a technical objection, in that Wylly is both petitioner and disbursing officer. But he made the Comptroller General of the United States a party respondent, an assistant United States attorney accepted service for both respondents, and the appeal is prosecuted in behalf of both respondents. Wylly's situation is therefore like that of a trustee under a will, seeking the instructions of the court as to conflicting rights among the beneficiaries, of whom he is one, and therefore appears as both petitioner and respondent. The objection is purely technical and without merit. On this point we reach the same conclusion as did the Supreme Court of Iowa in Cooper v. Nelson, 38 Iowa, 440.

In each case the decree of the District Court is affirmed.