**McCARL, Comptroller General, et al. v. PENCE.**

Court of Appeals of District of Columbia. Submitted January 3, 1927. Decided April 4, 1927.

No. 4503.

Army and navy ⬁13(1)—Alleged debt due United States on account of overpayments cannot be deducted from army officer's pay under Statutes (Comp. St. § 3239; Army Appropriation Act 1892 [Comp. St. § 3240]; Rev. St. § 236, as amended by Act June 10, 1921 [Comp. St. § 368]).

Amount claimed to be due the government from an army officer on account of overpayments previously made cannot, under Rev. St § 1766 (Comp. St. § 3239), or Army Appropriation Act 1892 (Comp. St. § 3240), be deducted from future pay by Comptroller General, acting under Rev. St. § 236, as amended by Act June 10, 1921 (Comp. St. § 368).

Appeal from Supreme Court of District of Columbia.

Suit by Arthur W. Pence against J. Raymond McCarl, Comptroller General of the United States, and others. Decree for plaintiff, and defendants appeal. Affirmed.

O. R. McGuire, Peyton Gordon, and L. A. Rover, all of Washington, D. C., for appellants.

S. T. Ansell and Z. L. Dalby, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. Pence was plaintiff below. He claimed that in the year 1918 he became an officer in the Engineer Corps, United States Army, and had served continuously as such until the bringing of this suit; that he had regularly received his pay and allowances as fixed by law and the army appropriations up to August 31, 1924, when defendant McCarl, acting as Comptroller General of the United States, made claim that overpayments in the aggregate sum of $1,-609.08 had been made to him in the years 1918 to 1921 for commutation of quarters, heat, and light for an alleged dependent; that the Comptroller General had raised a charge of indebtedness in that sum against plaintiff on the books of the General Accounting Office, and the Secretary of War had issued a stoppage order of $35 per month from plaintiff's pay, to continue until the total amount should be recouped; that such stoppages were made and continued up to January, 1926, by which time the sum of $595 had been withheld, and defendants intended to continue making the same until the aggregate sum had been fully recovered. Plaintiff claimed that the sums in dispute had been regularly and lawfully paid to him, and he denied that he was indebted to the government in any sum whatever, and prayed that the defendants be enjoined from continuing such stoppages, and from longer withholding from him the sum already deducted from his pay.

In defense to plaintiff's bill it was claimed that defendant McCarl, as Comptroller General, had determined, pursuant to authority conferred on him by section 236, U. S. Rev. St., as amended June 10, 1921 (42 Stat. 24 [Comp. St. § 368]), that plaintiff was indebted to the United States for allowances obtained upon incorrect certificates, and that by authority of the Act of Congress of July 16, 1892 (27 Stat. 177 [Comp. St. § 3240]), the Comptroller General had requested that the sums erroneously paid plaintiff should be withheld from his pay, and that an order to that effect was issued by the Secretary of War under the foregoing act, and the stoppages complained of were made accordingly.

The lower court held, upon the pleadings and exhibits, that defendants were not authorized by law to withhold such stoppages from plaintiff's pay, and enjoined them from so doing, and also by mandatory injunction required them to pay over to plaintiff the sums already so withheld, and to continue to pay him his regular pay and allowances in the usual and customary manner in which officers of the army are paid, notwithstanding the disputed claim. From this ruling the present appeal was taken.

It is claimed by appellants, first, that the United States is the real party in interest, and is a necessary and indispensable party in this case; second, that the plaintiff has an adequate remedy at law in the Court of Claims, and that there is no equity in his bill of complaint; third, that the funds already recouped from plaintiff have reverted to the general funds in the United States Treasury, and are chargeable to general appropriations in the Treasury for the pay and allowances of all army officers, and that the court is without authority to order such funds paid over to the plaintiff; fourth, that under the long-continued practice of the War Department and the Act of Congress of July 16, 1892, supra, the Secretary of War was authorized to order the stoppage of a part of plaintiff's pay and allowances to apply on his indebtedness to the United States; fifth, that the determination of plaintiff's indebtedness by the General Accounting Office is conclusive; and, sixth, that the decree of the lower court was erroneous and void, for the reason that it is "so indefinite that it cannot be carried out."

We think that all of the points raised by appellants, except the fourth point, have been denied by the rulings of this court in McCarl, Comptroller General, v. Cox, 56 App. D. C. 27, 8 F.(2d) 669, certiorari denied by the Supreme Court, 270 U. S. 652, 46 S. Ct. 351, 70 L. Ed. 782. In that case it was held that the Comptroller General of the United States may not deduct from the salary of a naval officer a sum found by him to be due to the United States because of the alleged overpayment of allowances regularly made to and received by the officer in good faith. It is unnecessary to repeat here the reasoning and authority set out as the grounds of that decision. The instant case differs from it only in the fact that the plaintiff in this case is an army officer, whereas in the former case the plaintiff was a naval officer. It is that point alone, therefore, which requires special mention here.

In this case, as in the Cox Case, supra, the alleged authority of the defendant to make the deductions in question is based primarily upon section 1766, Rev. St. (Comp. St. § 3239), which reads as follows, to wit:

"No money shall be paid to any person for his compensation who is in arrears to the United States, until he has accounted for and paid into the Treasury all sums for which he may be liable. In all cases where the pay or salary of any person is withheld in pursuance of this section, the accounting officers. of the Treasury, if required to do so by the party, his agent or attorney, shall report forthwith to the Solicitor of the Treasury the balance due; and the Solicitor shall, within sixty days thereafter, order suit to be commenced against such delinquent and his sureties."

If no other authority were cited by defendants, the present issue would be governed by the Cox Case, supra, and the authorities therein cited, wherein it was held that the description, "person * * * who is in arrears to the United States," appearing in section 1766, applies only to persons who, as contractors or disbursing officers, hold in trust sums or balances of public money for which they are required to account, and does not authorize the deduction of disputed items of account from the salaries of officers fixed by law.

Defendants, however, cite as additional authority in this case the following paragraph of the Army Appropriation Act of July 16, 1892 (27 Stat. 174, 177 [Comp. St. § 3240]), to wit:

"The pay of officers of the army may be withheld under section seventeen hundred and sixty-six of the Revised Statutes on account of an indebtedness to the United States admitted or shown by the judgment of a court, but not otherwise unless upon a special order issued according to the discretion of the Secretary of War."

In our opinion, however, the latter provision does not aid defendants' claim, for it does not alter or enlarge the description of the arrears which may be set off against the pay of army officers, but simply refers to such as were intended by section 1766. It contains a limitation, however, that even such stoppage shall not be made against army officers unless the indebtedness in question is admitted, or shown by the judgment of a court, or the stoppage is made by the special order of the Secretary of War. Therefore, since the present stoppage was not authorized by section 1766, it remains without authority, notwithstanding the enactment of July 16, 1892.

Appellants also cite a series of army regulations commencing with the year 1821 and extending to the present time, which authorized or at least recognized the practice of withholding the pay of army officers in order to recover debts due from them to the United States. It is not certain that the practice extended to deducting items already settled and paid, from the accruing pay of army officers; if so, the practice was inconsistent with repeated official opinions of the Attorney General, and cannot be sustained by the court. 1 Op. Attys. Gen. 676; 3 Op. Attys. Gen. 52; 17 Op. Attys. Gen. 448; 19 Op. Attys. Gen, 439; 20 Op. Attys. Gen. 626; 21 Op. Attys. Gen. 325; 26 Op. Attys. Gen. 77. See, also, Smith v. Jackson (C. C. A.) 241 F. 747, affirmed, 246 U. S. 388, 38 S. Ct. 353, 62 L. Ed. 788; U. S. v. Olmsted (C. C. A.) 118 F. 433; Loisel v. Mortimer (C. C. A.) 277 F. 882; Dillon v. Groos (D. C.) 299 F. 851; Mare v. Alexander (D. C.) 2 F.(2d) 895, affirmed (C. C. A.) 5 F.(2d) 964; Howe v. Elliott (D. C.) 300 F. 243.

The decree of the lower court is affirmed, with costs.