**BAKER v. McCARL, U. S. Comptroller General, et al.**

Court of Appeals of District of Columbia.

Submitted January 5, 1928. Decided March 5, 1928.

No. 4596.

1. **Army and navy** ⏘13(2)—**Debt due United States for overpayments held not deductible from pay of retired navy officer.**

Alleged debt due United States on account of overpayments *held* not deductible by Comptroller General from pay of retired officer of navy.

2. **Equity** ⏘65(3)—**Retired naval officer may bring bill to restrain Comptroller General from withholding from salary amounts due United States in unrelated transaction, "clean hands" doctrine being inapplicable.**

"Clean hands" doctrine will not prevent retired naval officer from bringing bill to restrain Comptroller General from withholding from salary amounts due United States under transactions having no direct relationship to claim for salary and allowances, since "clean hands" maxim does not disqualify plaintiff, who has not done iniquity in very transaction concerning which he complains.

Appeal from the Supreme Court of the District of Columbia.

24 F.(2d)—57

Suit by Virgil Baker against J. Raymond McCarl, Comptroller General of the United States, and another. From a decree dismissing the bill, plaintiff appeals. Reversed and remanded.

W. J. Neale, Frank Davis, Jr., and W. D. Harris, all of Washington, D. C., for appellant.

O. R. McGuire, Peyton Gordon, and L. A. Rover, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District dismissing appellant's bill to restrain appellees from withholding from appellant's salary amounts ascertained by the Comptroller General to be due the United States.

Appellant is a lieutenant commander in the United States Navy, retired. Congress has appropriated funds covering his pay and allowances, and these funds are now in the possession of a disbursing officer of the Navy and available for the purposes for which they were appropriated. Payment has been withheld because of a decision of the Comptroller General that appellant is indebted to the United States in the amount of $6,367.88, covering salary paid him as an Inspector of Hulls for the period from April 7, 1917, to January 26, 1920, and in the amount of $1,383.33, for rental allowances paid him while on active duty for the period from May 6, 1924, to June 30, 1925, making in all $7,751.21.

[1] It is not seriously contended in behalf of appellees that our decisions in McCarl v. Cox, 56 App. D. C. 27, 8 F.(2d) 669, and in McCarl v. Pence, 57 App. D. C. 159, 18 F.(2d) 809, are not controlling here, providing that appellant is "in equity with clean hands." In the cases cited we ruled, after a careful consideration of the question involved, that an alleged debt due the United States on account of overpayments cannot be deducted by the Comptroller General from the pay of an officer of the Navy or Army. [2] In this case appellant has earned and there is actually due him the salary and allowances he claims, but the Comptroller General attempts to withhold payment because of his conclusion that in prior and unrelated transactions appellant overreached the United States and thereby secured from it the sum mentioned. While the maxim, "He who

comes into equity must come with clean hands," has wide application, it has its limitations as well. As observed by Judge Sanborn in Talbot v. Independent Order of Owls (C. C. A.) 220 F. 660: "That principle does not repel all sinners from the precincts of courts of equity, nor does it disqualify any plaintiff from obtaining full relief there who has not done iniquity in the very transaction concerning which he complains. The wrong which may be invoked to defeat him must have an immediate and necessary relation to the equity for the enforcement of which he prays." To the same effect is the decision in Mercantile Trust Co. et al. v. Hensey et al., 21 App. D. C. 38. See, also, 21 C. J. 187; 10 R. C. L. 391.

In the present case it is quite clear that the antecedent transactions upon which the Comptroller General based his conclusion that appellant is indebted to the United States are separate and distinct from the question whether appellant has earned the salary and allowances he is seeking to recover and whether an appropriation is available for their payment. We do not understand that it is even contended that appellant has not earned the salary and allowances he is seeking to recover or that there is any direct relationship between this and prior transactions between appellant and the United States. The maxim sought to be invoked by appellees, therefore, has no application.

Following our decisions in the Cox and Pence Cases, we rule that it was the plain ministerial duty of the accounting officers of the government to pay appellant's salary without deduction.

It results that the decree of the court below is reversed, with costs, and the cause remanded.

Reversed.