**McCARL, Comptroller General, et al. v. LOUD.**

No. 4827.

Court of Appeals of District of Columbia.

Argued Jan. 10, 1930.

Decided March 3, 1930.

Rehearing and Stay of Mandate Denied March 15, 1930.

Leo A. Rover and H. O. Hoagland, both of Washington, D. C., for appellants.

S. T. Ansell and E. S. Bailey, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District restraining appellants from interfering with the payment of appellee's salary, and directing appellants the Secretary of War and the Chief of Finance of the United States Army to cause to be paid to appellee $436.80 for pay and allowances alleged to be due him as an officer of the United States.

The case was heard below on bill and answers and a stipulation that a final decree be taken.

Appellee is a lieutenant-colonel of the United States Army, retired. The disbursing officers, claiming that he had received overpayment in allowances for dependent mother in the amount of $436.80, deducted from his regular pay $25 per month from and including the month of April, 1925, to and including the month of August, 1926, and $11.80 for the month of September, 1926.

The bill alleged that during this period Congress had appropriated funds covering the officer's pay and allowances, and that "the money for the payment thereof has been actually available and has been turned over to and in the possession of the finance officers of the Army charged with the payment to the plaintiff of his regular pay and allowances."

The answers admit "that Congress has appropriated funds for payment of pay and allowances of the Army and that the money for the payment thereof has been actually available." Later the answers admit "that the plaintiff is entitled to receive his full pay and allowances as provided and appropriated by Congress subject to the provisions for the disposition of all unexpended balances of appropriations which have remained upon the

books of the Treasury for two fiscal years as set out in section 5, act of June 20, 1874, 18 Stat. 110." But it is not averred that any part of the funds previously admitted to be available have been turned back into the Treasury, nor is there any averment in the answers that no other appropriation is available.

Appellants concede that, as to the amounts withheld subsequent to July 1, 1925, the case is ruled by our decision in McCarl v. Pence, 57 App. D. C. 159, 18 F.(2d) 809, but they contend that as to the three deductions of $25 each for the months of April, May, and June, 1925, there was no appropriation available for refund when the suit was brought on December 19, 1927, and hence that the decree should be modified accordingly. Having expressly admitted that the money for the payment of this officer's pay and allowances "has been actually available," there is no basis in the record for this contention.

It results that the decree must be affirmed.

Affirmed.